IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES PARKER, CAITLIN COLLINS, AUBREE HUTCHINS, TAYLOR JACKSON and ZACHARY OWENS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SILVERLEAF RESORTS, INC. and CERBERUS CAPITAL MANAGEMENT, L.P,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. _____<br><br><br><br>COLLECTIVE ACTION<br>(JURY TRIAL) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, James Parker, Caitlin Collins, Aubree Hutchins, Taylor Jackson, and Zachary Owens (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated and file this Original Complaint against Defendants Silverleaf Resorts, Inc. and Cerberus Capital Management, L.P. (collectively, "Defendants"), and in support thereof would show as follows:

## INTRODUCTION

1.     Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action against Defendants to recover unpaid overtime compensation and all other damages and relief allowed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.     This action seeks equitable relief, back pay, compensatory and liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest for Defendants' willful

failure to pay overtime compensation and/or minimum wages pursuant to the FLSA for Plaintiffs and all others similarly situated in the course of their employment with the Defendants.

3.     Plaintiffs, on behalf of themselves and all others similarly situated bring this collective action to recover overtime compensation, minimum wages and other wages, liquidated damages, attorneys' fees, litigation expenses, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.     Plaintiffs and all others similarly situated demand a jury trial.

## PARTIES

### A.  PLAINTIFFS

5.     Plaintiff James Parker is a former employee of Defendants, one or more of them, as defined by 29 U.S.C. § 203(e) within the State of Texas during the statutory period.  Mr. Parker was employed by Defendants, one or more of them, in the State of Texas at Defendants' sales offices and timeshare resorts within the requisite statutory time period.  Mr. Parker was given the job title of "closer," among other job titles.   Mr. Parker was a non-exempt employee when employed by Defendants.  Mr. Parker was paid on a commission only basis and worked more than 40 hours in a work week without being paid overtime compensation.  Mr. Parker was also not provided with guaranteed minimum wages.   Mr. Parker is filing a Notice of Consent contemporaneously herewith.

6.     Plaintiff Caitlin Collins is a former employee of Defendants, one or more of them, as defined by 29 U.S.C. § 203(e) within the State of Texas during the statutory period.  Ms. Collins was employed by Defendants, one or more of them, in the State of Texas at Defendants' sales offices and timeshare resorts within the requisite statutory time period.  Ms. Collins was given the

job title of "sales representative," among other job titles.  Ms. Collins was a non-exempt employee when employed by Defendants.  Ms. Collins was paid on a commission only basis and worked more than 40 hours in a work week without being paid overtime compensation.  Ms. Collins was also not provided with guaranteed minimum wages.  Ms. Collins is filing a Notice of Consent contemporaneously herewith.

7.      Plaintiff Taylor Jackson is a former employee of Defendants, one or more of them, as defined by 29 U.S.C. § 203(e) within the State of Texas during the statutory period.  Mr. Jackson was employed by Defendants, one or more of them, in the State of Texas at Defendants' sales offices and timeshare resorts within the requisite statutory time period.  Mr. Jackson was given the job title of "sales representative," among other job titles.  Mr. Jackson was a non-exempt employee when employed by Defendants.  Mr. Jackson was paid on a commission only basis and worked more than 40 hours in a work week without being paid overtime compensation.  Mr. Jackson was also not provided with guaranteed minimum wages.  Mr. Jackson is filing a Notice of Consent contemporaneously herewith.

8.      Plaintiff Zachary Owens is a former employee of Defendants, one or more of them, as defined by 29 U.S.C. § 203(e) within the State of Texas during the statutory period.  Mr. Owens was employed by Defendants, one or more of them, in the State of Texas at Defendants' sales offices and timeshare resorts within the requisite statutory time period.  Mr. Owens was given the job title of "sales representative," among other job titles.  Mr. Owens was a non-exempt employee when employed by Defendants.  Mr. Owens was paid on a commission only basis and worked more than 40 hours in a work week without being paid overtime compensation.  Mr. Owens was also not provided with guaranteed minimum wages.  Mr. Owens is filing a Notice of Consent contemporaneously herewith.

9.     Plaintiff Aubree Hutchins is a former employee of Defendants, one or more of them, as defined by 29 U.S.C. § 203(e) within the State of Texas during the statutory period.  Mr. Hutchins was employed by Defendants, one or more of them, in the State of Texas at Defendants' sales offices and timeshare resorts within the requisite statutory time period.  Mr. Hutchins was given the job title of "vc sampler representative," among other job titles.  Mr. Hutchins was a non-exempt employee when employed by Defendants.  Mr. Hutchins was paid on a commission only basis and worked more than 40 hours in a work week without being paid overtime compensation.  Mr. Hutchins was also not provided with guaranteed minimum wages.  Mr. Hutchins is filing a Notice of Consent contemporaneously herewith.

### Collective Action Members

10.     The "Collective Action Members" are all current and former employees of Defendants, one or all of them, who worked at Defendants' sales offices in their timeshare resorts and were paid on a commission only basis and were denied overtime compensation and guaranteed minimum wages and who had the job title of sales representative, salesperson, closer, vc sampler representative, or any similar job title performing similar job duties at any time during the three-year period preceding the filing of this action through the date of disposition of this matter.  These similarly situated persons are referred to as "Collective Action Members," "the Collective Action," or "similarly situated."

11.     Further, Plaintiffs reserve the right to seek conditional certification of sub-classes of the Collective Action as defined herein.

**B. DEFENDANTS**

12.     Defendant Silverleaf Resorts, Inc. is a Texas Corporation that conducts business in the State of Texas and in this District.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected

according to the law of the state where this District Court is located, Texas.  Silverleaf Resorts, Inc. may be served by serving its agent for service of process: C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

13.     Defendant Cerberus Capital Management, L.P. is a Delaware corporation that conducts business in the State of Texas and in this District.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, because Cerberus Capital Management, L.P. is a nonresident that engages in business in Texas, but has not designated or maintained a resident agent for service of process in this state, the Texas Secretary of State is an agent for service of process on this Defendant, and service of process may be obtained over this Defendant by serving process on the Secretary of State.  Once process is served on the Texas Secretary of State, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to the person in charge of this non-resident's business at this Defendant's home office as follows:

Cerberus Capital Management, L.P.
875 Third Avenue
New York, New York 10022

## JURISDICTION AND VENUE

14.     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

15.     Venue is proper in the Southern District of Texas, Galveston Division, under 28 U.S.C. §1391(a) and (b). Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendants are

residents of and are doing business in this District; some of the Plaintiffs worked for Defendants in Galveston County, Texas; and a substantial part of the events giving rise to the claim occurred in Galveston County, Texas.

## FACTUAL ALLEGATIONS

16.     Defendants are in the business of development, marketing and operation of timeshare resorts in various markets nationwide.

17.     In 2011, Silverleaf Resorts, Inc. was acquired by Cerberus Capital Management, L.P., a private investment firm with approximately $23 billion under management.

18.     In the past 3 years, Defendants have employed hundreds of individuals throughout the country as commissioned employees in its sales offices at timeshare resorts including Plaintiffs and those similarly situated.

19.     Plaintiffs and all others similarly situated performed inside sales work and were not paid time and one-half for hours they worked over 40 in a week ("overtime compensation") and/or minimum wages.

20.     Plaintiffs and those similarly situated worked from a timeshare resort sales office.

21.     Plaintiffs and those similarly situated worked over 40 hours in at least some work weeks while employed by Defendants.

22.     At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

23.     At all relevant times, Defendants (each of them) have been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. §203.

24.     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter up to and including the date of judgment or disposition of this matter.

25.     Plaintiffs and the similarly situated persons who may become Plaintiffs in this action are commissioned current and/or former employees of Defendants who worked without being paid overtime compensation and/or guaranteed minimum wages.

26.     Plaintiffs were non-exempt employees during their employment with Defendants.

27.     Plaintiffs were paid on a commission only basis.

28.     Plaintiffs were not paid overtime compensation at a rate of one and one-half their regular rates of pay for all hours worked in excess of forty hours in a work week.

29.     Plaintiffs were not paid guaranteed minimum wages.

30.     Plaintiffs were not paid a salary.

31.     Defendants did not maintain accurate records of the time worked by Plaintiffs and those similarly situated.

32.     Plaintiffs and those similarly situated are/were non-exempt employees and thus are owed overtime compensation and minimum wages under the provisions of the FLSA.

33.     Defendants failed to comply with the FLSA, in that Plaintiffs and those similarly situated performed services for Defendants for which no provisions were made by Defendants to properly pay them guaranteed minimum wages and/or overtime compensation for those hours worked in excess of forty hours within a work week at a rate of one and one-half times their regular rates of pay.

34.     Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to the FLSA, Plaintiffs are entitled to recover all reasonable attorney's fees, costs, and litigation expenses, including expert fees incurred in this action.

35.     Defendants' practice of requiring or permitting Plaintiffs and those similarly situated to perform work, in the form of spending time or conducting activities for the benefit of Defendants, violates the FLSA because Plaintiffs and those similarly situated worked without receiving compensation at one and one-half times their regular rates of pay ("overtime compensation") for those hours worked in excess of forty hours in a work week.

36.     Defendants' practice as described herein violates the FLSA because they required Plaintiffs and the Collective Action to work without legal compensation.

37.     The operation of Defendants' timeshare business, and the wages and compensation of Plaintiffs and the Collective Action are substantially similar, if not identical.

38.     Defendants knowingly failed to pay minimum wages and overtime compensation to Plaintiffs and those similarly situated in violation of the FLSA.

39.     The conduct of Defendants, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Action Members.  Plaintiffs and the Collective Action Members are entitled to liquidated damages for such conduct.

## COLLECTIVE ACTION ALLEGATIONS

40.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

41.     Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

42.     Other similarly situated employees were/are being denied and have been denied their lawful wages.

43.     Plaintiffs and the Collective Action Members shared common job duties and responsibilities relating to the sales of timeshares.

44.     Thus, Plaintiffs' experiences are typical of the experience of the Collective Action Members.

45.     The specific job titles or job requirements of the various Collective Action Members —to the extent that such titles or job duties were ever assigned—do not prevent collective treatment.

46.     Defendants' pattern or practice of failing to pay minimum wages and overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Collective Action Members.

47.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

48.     All current and former employees of Defendants properly included as Collective Action Members engaged in non-exempt inside sales work at a timeshare sales office at Defendants' timeshare properties at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime compensation and/or guaranteed minimum wages.

49.     Plaintiffs and the Collective Action Members all worked more than forty hours in a work week without receiving overtime compensation at a rate of one and one-half times their regular rates of pay.

50.     Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).  Plaintiffs bring these claims for relief for violations of the FLSA as a collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b).  Plaintiffs bring these claims on their behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

51.     Plaintiffs request that Defendants identify all prospective Collective Action Members nationwide in order that proper notice of their right to consent to participation in the collective action may be distributed, including their name, dates of employment, job title(s), last known address and phone number.

52.     Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

53.     Plaintiffs will fairly and adequately represent and protect the interests of the Collective Action. Plaintiffs have retained counsel competent and experienced in complex employment matters and collective actions.

## CAUSES OF ACTION: VIOLATIONS OF FLSA

54.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

55.     Plaintiffs and all others similarly situated are/were non-exempt employees of Defendants.

56.     Plaintiffs and all others similarly situated are/were entitled to guaranteed minimum wages and overtime compensation for all hours worked in excess of forty hours during each seven-day work week.

57.     Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs and all other similarly situated employees minimum wages and overtime compensation.

58.     During Plaintiffs' employment they each routinely worked well in excess of forty hours per week.  Even though Plaintiffs and all others similarly situated worked well in excess of forty hours per week, Defendants have failed to pay Plaintiffs and all others similarly situated overtime compensation.

59.     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per work week, by Plaintiffs and other similarly situated employees.

60.     Defendants have not made a good faith effort to comply with the FLSA.

61.     Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

62.     No exemption excused the Defendants from paying Plaintiffs and all others similarly situated minimum wages and overtime pay.

63.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wages and overtime compensation owed to Plaintiffs and other similarly situated employees.

64.     By reason of the intentional, willful and unlawful acts of Defendants Plaintiffs and the Collective Action Members have suffered damages and are incurring costs and reasonable attorney's fees.

65.     Plaintiffs and all others similarly situated seek all unpaid minimum wages and overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert witness fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs and all those similarly situated to them who have or will opt into this action, respectfully pray that this Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action (or some sub-class thereof) as described herein pending the identification of and receipt of consent from prospective Collective Action Members, and that subsequent thereto Plaintiffs and all other Collective Action Members recover the following from Defendants jointly and severally:

a. Damages and restitution for all unpaid wages, unpaid overtime compensation (at one and one-half times their regular hourly rates of pay), unpaid minimum wages and other injuries, as provided by the FLSA;

b. Liquidated damages, as provided by the FLSA;

c. All applicable penalties for the violations set forth herein;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs and litigation expenses, including expert fees, as provided by the FLSA;

h. Such other and further relief, at law or in equity, as this Court deems necessary.

Dated: March 6, 2014

Respectfully submitted,

<u>/s/ Rhonda H. Wills</u>
Rhonda H. Wills
WILLS LAW FIRM, PLLC
State Bar No. 00791943
S.D. Id. No. 20699
1776 Yorktown, Suite 570
Houston, Texas  77056
Telephone:  (713) 528-4455
Facsimile:  (713) 528-2047
rwills@rwillslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**