**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES PARKER, | § | |
| CAITLIN COLLINS, | § | |
| TAYLOR JACKSON and | § | Civil Action No. 3:14-CV-02075-P |
| ZACHARY OWENS, | § | |
| on behalf of themselves and | § | |
| others similarly situated, | § | COLLECTIVE ACTION |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| SILVERLEAF RESORTS, INC., | § | |
| CERBERUS CAPITAL | § | |
| MANAGEMENT L.P., SL RESORT | § | |
| HOLDINGS, INC., ORANGE LAKE | § | |
| COUNTRY CLUB, INC., and | § | |
| ORANGE LAKE HOLDINGS, LLLP | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ORANGE LAKE HOLDINGS, LLLP'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Isabel Andrade Crosby
State Bar No. 24050226
isabelcrosby@andrewskurth.com
Micala R. Bernardo
State Bar No. 24061108
micalabernardo@andrewskurth.com

Andrews Kurth Kenyon LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659 4400
Facsimile: (214) 659 4401

**ATTORNEYS FOR DEFENDANTS**

Defendant Orange Lake Holdings, LLLP ("OLH") hereby files this Brief in Support of its Motion for Summary Judgment and would respectfully show as follows:

## I.   INTRODUCTION

Plaintiffs allege that Defendants misclassified Plaintiffs as exempt and failed to pay them overtime pursuant to the Fair Labor Standards Act ("FLSA").[1] Plaintiffs purport to bring their FLSA claims against five distinct entities, claiming that each entity is liable for such claims. However, with respect to Defendant OLH, Plaintiffs do not have even a scintilla of evidence to support claims for successor liability, and certainly OLH never directly employed any of the Plaintiffs. Instead, the competent summary judgment evidence in fact negates Plaintiffs' allegations that OLH is liable for Silverleaf's alleged FLSA violations as a successor employer because OLH is not a succeeding entity. Therefore, the Court should grant summary judgment and dismiss Plaintiffs' claims against OLH in their entirety.

## II.   BACKGROUND FACTS

### A. Plaintiffs' Employment with Silverleaf

Silverleaf marketed and sold vacation timeshares. Declaration of Colter Mize ("Mize Decl.") ¶ 5 (App. 0215). Silverleaf employed Plaintiffs and classified Plaintiffs as non-exempt employees. Declaration of Christine Harding ("Harding Decl.") ¶ 6 (App. 0002); Declaration of Micala Bernardo ("Bernardo Decl.") ¶¶4, 5, Exs. A, B (Defendants' Answers to Plaintiff Caitlin Collins' First Set of Interrogatories and Defendants' Responses to Plaintiffs' First Requests for Admissions) (App. 0240-0241, 0242-0262). Silverleaf maintained all employment records

---

[1] Plaintiffs also bring claims on behalf of all those similarly situated to Plaintiffs and assert that Plaintiffs' allegations occurred on a class-wide basis. Pl.'s Third Amended Compl. [Dkt. # 91]. Plaintiffs' original motion for conditional certification was denied by the Court on May 13, 2016 without prejudice. [Dkt. # 100]. Plaintiffs filed a renewed motion for conditional certification on October 26, 2016. [Dkt. # 116]. The parties have fully briefed the renewed motion for certification, but the Court has not yet issued a decision with respect to Plaintiffs' motion.

relating to Plaintiffs, and Silverleaf controlled all policies and procedures relating to Plaintiffs' employment, including policies relating to timekeeping and compensation. *See* Harding Decl. ¶¶ 3-10, Ex. 11 (Silverleaf Employee Handbook) (App. 0001-0003, 0209-0212).

Plaintiff James Parker worked at Silverleaf's Piney Shores Resort in Conroe, Texas. James Parker Deposition ("Parker Dep.") 23:20-25:2 (App. 0273-0275). At various times, Parker worked as a Sales Representative, Sampler Representative, and Sales Manager. Parker Dep. 20:25-21:5 (App. 0271-0272). Parker applied for employment with Silverleaf. Parker Dep. 162:10-17, Ex. 10 (App. 0276, 0293-0294). Parker's sales agreement was entered into with Silverleaf and identifies Silverleaf as his employer. Parker Dep. 164:2-11, Ex. 11 (App. 0277, 0295-0299). All documents connected with Parker's employment reflect "Silverleaf" as his employer, including but not limited to his time records, pay stubs, and performance reviews. Parker Dep. 165:10 - 169:2, Exs. 3-6, 10-12, 14-15 (App.0278-0282, 0288-0292, 0293-0312, 0313-0315). Parker's employment with Silverleaf ended in March 2013. Parker Dep. 179:23 – 180:16 (App. 0283-0284).

Plaintiff Zachary Owens worked at Silverleaf's Villages resort in Flint, Texas. Zachary Owens Deposition ("Owens Dep.") 15:9-16:3 (App. 0412-0413). Owens worked as a Sales Representative and Sales Manager. Owens Dep. 14:9-20 (App. 0411). Owens applied for employment with Silverleaf. Owens Dep. 78:21 – 79:2 (App. 0417-0418). All documents connected with Owens' employment reflect "Silverleaf" as his employer, including but not limited to his time records, pay checks, and performance reviews. Owens Dep. p. 64:15-19, 65:6-8, Exs. 2-3, 5-6, 12 (App. 0415, 0422-0424, 0425-0430, 0431). Owens' employment with Silverleaf ended in March 2013. Owens Dep. 58:13-19 (App. 0414).

Plaintiff Taylor Jackson also worked at Silverleaf's Villages resort in Flint, Texas. Taylor Jackson Deposition ("Jackson Dep.") 9:14-13:22 (App. 0366-0370). Jackson worked as a Tour Registration Clerk, Sales Representative, and Sales Manager. Jackson Dep. 9:14-16, 10:19-21, 12:13-15 (App. 0366, 0367, 0369). Jackson applied for employment with Silverleaf. Jackson Dep. 138:5-16, 139:8-19, Exs. 11, 12 (App. 0377, 0378, 0396-0397, 0398-0399). Jackson's sales agreement was entered into with Silverleaf and identifies Silverleaf as his employer. Jackson Dep. 140:11-21, Ex. 13 (App. 0379, 0400-0404). All documents connected with Jackson's employment reflect "Silverleaf" as his employer, including but not limited to his time records, pay stubs, and performance reviews. Jackson Dep. 109:20 – 110:4, 115:14-18, 115:23 – 116:11, Exs. 2, 4-7, 9, 11-13 (App.0372-0373, 0374, 0374-0375, 0383-0385, 0386-0394, 0395, 0396-0404). Jackson's employment with Silverleaf ended in September 2012. Jackson Dep. 92:21-23, Ex. 7 (App. 0393-0394).

Plaintiff Caitlin Collins worked at Silverleaf's Villages Resort in Tyler, Texas and then transferred to Silverleaf's Fox River Resort in Illinois. Caitlin Collins Deposition ("Collins Dep.") 10:15-18, 12:4-6 (App. 0323, 0324). Collins worked as a Sales Representative and a Sampler Representative. Collins Dep. 9:16-20 (App. 0322). Collins applied for employment with Silverleaf. Collins Dep. 112:18-25, Ex. 11 (App. 0327, 0353-0354). Collins' sales agreement was entered into with Silverleaf and identifies Silverleaf as her employer. Collins Dep. 114:7-18, Ex. 12 (App. 0328, 0355-0359). All documents connected with Collins' employment reflect "Silverleaf" as her employer, including but not limited to her time records, pay stubs, and performance reviews. Collins Dep. Exs. 2, 4-7, 9, 11, 12 (App. 0332-0343, 0344-0351. 0352, 0353-0354, 0355-0359). Collins' employment with Silverleaf ended in July 2012. Collins Dep. 79:25 – 80:1 (App. 0325-0326).

B. **Silverleaf's Business and Relationship Amongst Defendants**

In May 2011, SL Resort Holdings, Inc. ("SL Resort") purchased all of Silverleaf's stock and became the direct, whole owner of Silverleaf. Declaration of Michael Thompson ("Thompson Decl.") ¶ 4 (App. 0238). Then, in May 2015, OLH acquired Silverleaf from SL Resort. Declaration of Donna M. Hansen ("Hansen Decl.") ¶ 7 (App. 0236). At the time OLH acquired Silverleaf, Silverleaf continued to operate as a viable, solvent entity. Orange Lake Country Club ("Orange Lake") is an affiliate of OLH. *Id.* at ¶ 4 (App. 0235). Orange Lake manages and operates timeshare resorts under the Holiday Inn Vacation Club brand. *Id.* at ¶ 5. (App. 0235). In connection with OLH's acquisition of Silverleaf, Silverleaf's operational management personnel changed, and therefore, implementation of Silverleaf's policies and procedures with respect to sales employees changed. Declaration of Jennifer McNabb ("McNabb Declaration") at ¶ 4 (App. 0218-0219). Since OLH's acquisition of Silverleaf, all of the Silverleaf resorts have been rebranded by Orange Lake as Holiday Inn Vacation Club resorts. *Id.* at ¶ 4 (App. 0218-0219). The Silverleaf resorts were rebranded as Holiday Inn Vacation Club resorts on the following dates:

> Fox River Resort – October 28, 2015
> Oak n' Spruce Resort – November 19, 2015
> Apple Mountain Resort – December 15, 2015
> Holiday Hills Resort – April 14, 2016
> Piney Shores Resort – April 14, 2016
> Orlando Breeze Resort – April 19, 2016
> Hill Country Resort – May 5, 2016
> The Villages Resort – May 5, 2016
> Seaside Resort – July 1, 2016.

*Id.* at ¶ 4 (App. 0218-0219). As part of the rebranding process, all of the Silverleaf sales employees at each resort were terminated by Silverleaf approximately two to four weeks prior to the resort's transition date ("Transition Date"), and most, if not all, were subsequently hired by Orange Lake. *Id.* at ¶ 5 (App. 0219). Therefore, the sales employees previously employed at the

former Silverleaf resorts, if rehired by Orange Lake, have been compensated by Orange Lake and subject to Orange Lake policies and procedures since their respective resort Transition Date. McNabb Declaration at ¶ 5 (App. 0219). Presently, the sales staff at all former Silverleaf resorts are employed by Orange Lake, compensated by Orange Lake, and subject to Orange Lake policies and procedures. *Id.* at ¶ 5 (App. 0219).

Silverleaf continued to operate as a solvent, viable entity following OLH's acquisition of Silverleaf until the final resort transition to Orange Lake was complete in July of 2016. Plaintiffs' employment with Silverleaf terminated well before OLH acquired Silverleaf. Parker Dep. 179:22 – 180:1 (App. 0283-0284); Owens Dep. 58:13-19 (App. 0414); Jackson Dep. 92:21-23 (App. 0371); Collins Dep. 79:25 – 80:1 (App. 0325-0326).

## III.   ARGUMENT AND AUTHORITIES

### A. Summary Judgment is Warranted

Summary judgment is proper when a movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). The party moving for summary judgment carries the burden to demonstrate that these conditions have been satisfied. *Williams*, 836 F.2d at 960 (citing *Thomas v. Harris Cty.*, 784 F.2d 648, 651 (5th Cir. 1986) (per curiam)). Once the movant has carried its burden, the burden then shifts to the non-movant to show that summary judgment should not be granted by setting forth specific facts showing the existence of a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324-25; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the non-movant must set forth admissible evidence leading to reasonable inferences that support the non-movant's position. *See St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

A defendant may demonstrate that it is entitled to judgment as a matter of law by submitting summary judgment evidence that negates the existence of an essential element of the plaintiff's claim. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). The defendant, however, may also establish that summary judgment is proper by showing that there is no evidence to support an essential element of the plaintiff's claim. *See Celotex Corp.*, 477 U.S. at 325. It is not necessary for the defendant to introduce evidence that negates the plaintiff's claim; the movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996); *see also Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Here, the Court should grant OLH's Motion for Summary Judgment because Plaintiffs have not, and cannot, produce any evidence to support their contention that OLH employed Plaintiffs under any legal theory. Therefore, their FLSA claims against OLH fail as a matter of law.

**B. Defendant OLH is Not Plaintiffs' "Employer" as Defined Under the FLSA**

To establish a prima facie case under the FLSA, Plaintiffs must prove the existence of an employer—employee relationship by a preponderance of the evidence. *Prince v. MND Hospitality, Inc.,* No. H–08–2617, 2009 WL 2170042, at *5 (S.D. Tex. July 20, 2009). Whether a person or entity is an employer under the FLSA is a question of law. *Dalheim v. KDFW-TV,* 918 F.2d 1220, 1226 (5th Cir. 1990); *see also Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327 (5th Cir.1985); *Parker v. ABC Debt Relief, Ltd.,* No. 3:10-CV-1332-P, 2013 U.S. Dist. LEXIS 12859, at *9 (N.D. Tex. Jan. 28, 2013) ("whether a person is an employer under the FLSA is a question of law")*; Donihoo v. Dall. Airmotive, Inc.,* CIVIL ACTION NO. 3:97-CV-0109-P, 1998 U.S. Dist. LEXIS 1417, at *9 (N.D. Tex. Feb. 2, 1998) (The determination of an employee's status is ultimately a question of law, although the subsidiary findings which lead to

that determination are questions of fact."). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). An entity's status as an employer for the purpose of the FLSA turns on the "economic reality" of the working relationship. *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, (1961) (citations omitted); see also *Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 U.S. Dist. LEXIS 169262, at *16 (N.D. Tex. Dec. 8, 2014) ("the Fifth Circuit has approved use of the 'economic realities' test to determine who is an employer under the FLSA."). Here, although there is no dispute that Plaintiffs were primarily employed by Silverleaf, Plaintiffs wrongly allege that Defendant OLH also employed Plaintiffs. The facts clearly establish that Plaintiffs were not directly employed by OLH. Therefore, because Plaintiffs cannot establish that OLH operated as a successor employer, the Court must grant OLH's Motion for Summary Judgment.

Courts in the Fifth Circuit consider four factors in analyzing successor liability: (1) whether there is substantial continuity between the business operations of the successor and the predecessor; (2) whether the successor had notice of potential liability when it acquired the relevant assets; (3) whether the predecessor is able to provide relief directly; and (4) whether the overall equities support the imposition of successor liability. *See Valdez v. Celerity Logistics*, 999 F. Supp. 2d 936, 944 (N.D. Tex. 2014). Plaintiffs fail to produce any evidence sufficient to establish these four elements, and thus, summary judgment is appropriate with respect to this claim.

Plaintiffs provide no evidence or facts (nor do any exist) that establish a predecessor and successor relationship between Silverleaf and OLH. Although OLH is the entity that acquired Silverleaf, it is not the entity that took over operation and employment of former Silverleaf personnel following Silverleaf's resorts' transition to Orange Lake; Orange Lake assumed

operation of the Silverleaf business.  *See* McNabb Decl. ¶ 4-5 (App. 0218-0219).  Establishment that the successor entity continued to operate the predecessor's business is necessary to confer successor liability.  *See Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1329 (7th Cir. 1990).  Here, Plaintiffs have not and cannot present any evidence showing that OLH – as opposed to Orange Lake – continued to operate Silverleaf's business following the acquisition.  Thus, Plaintiffs wholly fail to establish "successor liability" such that OLH is a proper party to this litigation.  Plaintiffs' bare allegations and unsupported conclusions are insufficient to present a material issue of fact precluding summary judgment, and the Court should grant OLH's Motion for Summary Judgment accordingly.  *International Ass'n of Machinists and Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987) (defendant moving for summary judgment may rely upon absence of evidence to support essential elements of plaintiff's case).

## IV.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendant Orange Lake Holdings, LLLP's Motion for Summary Judgment, dismiss all of Plaintiffs' claims against Defendant OLH, and grant Defendant OLH such further relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Isabel A. Crosby*
Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Isabel Andrade Crosby
State Bar No. 24050226
isabelcrosby@andrewskurth.com
Micala R. Bernardo
State Bar No. 24061108
micalabernardo@andrewskurt.com
Andrews Kurth Kenyon LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659 4400
Facsimile:   (214) 659 4401

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On December 19th, 2016, the undersigned counsel electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Isabel A. Crosby*
Isabel A. Crosby