**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES PARKER,** | § | |
| **CAITLIN COLLINS,** | § | |
| **TAYLOR JACKSON and** | § | Civil Action No. 3:14-CV-02075-P |
| **ZACHARY OWENS,** | § | |
| on behalf of themselves and | § | |
| others similarly situated, | § | **COLLECTIVE ACTION** |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **SILVERLEAF RESORTS, INC.,** | § | |
| **CERBERUS CAPITAL** | § | |
| **MANAGEMENT L.P., SL RESORT** | § | |
| **HOLDINGS, INC., ORANGE LAKE** | § | |
| **COUNTRY CLUB, INC., and** | § | |
| **ORANGE LAKE HOLDINGS, LLLP** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SL RESORT HOLDINGS, INC.'S AND CERBERUS CAPITAL**
**MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY**
**JUDGMENT**

Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Isabel Andrade Crosby
State Bar No. 24050226
isabelcrosby@andrewskurth.com
Micala R. Bernardo
State Bar No. 24061108
micalabernardo@andrewskurth.com

Andrews Kurth Kenyon LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659 4400
Facsimile:  (214) 659 4401

**ATTORNEYS FOR DEFENDANTS**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................5

II.  BACKGROUND FACTS.......................................................................................6

    a.   Plaintiffs' Employment with Silverleaf ........................................................6

    b.   Silverleaf's Business and Relationship Amongst Defendants .........................9

    c.   SL Resort and Cerberus Did Not Employ Plaintiffs.........................................9

III. ARGUMENT AND AUTHORITIES .................................................................10

    a.   Summary Judgment is Warranted..................................................................10

    b.   SL Resort Cerberus Are Not "employers" as Defined Under the FLSA ........11

        i.   Neither Cerberus nor SL Resort jointly employed Plaintiffs. ................12

        ii.  Plaintiffs fail to establish successor liability as to Cerberus or SL Resort because neither entity is a successor to Silverleaf...................................14

IV. CONCLUSION ...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986).................................................................................................10

*Artis v. Asberry*,
    No. CIV.A. G-10-323, 2012 WL 5031196 (S.D. Tex. Oct. 16, 2012) ....................................13

*Barnett v. A S & I, LLC*,
    No. 3:13-cv-2464-BN, 2014 U.S. Dist. LEXIS 169262 (N.D. Tex. Dec. 8,
    2014) ......................................................................................................................12

*Beliz v. W.H. McLeod & Sons Packing Co.*,
    765 F.2d 1317,1327 (5th Cir. 1985) ....................................................................11

*Brock v. Mr. W Fireworks, Inc.*,
    814 F.2d 1042 (5th Cir. 1987) ..............................................................................14

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..........................................................................................10, 11

*Dalheim v. KDFW-TV*,
    918 F.2d 1220 (5th Cir. 1990) ..............................................................................11

*Donihoo v. Dall. Airmotive, Inc.*,
    CIVIL ACTION NO. 3:97-CV-0109-P, 1998 U.S. Dist. LEXIS 1417 (N.D.
    Tex. Feb. 2, 1998)...........................................................................................11, 12

*Goldberg v. Whitaker House Coop., Inc.*,
    366 U.S. 28 (1961).................................................................................................12

*Gray v. Powers*,
    673 F.3d 352 (5th Cir. 2012) ................................................................................12

*Hamar v. Ashland, Inc*.,
    No. 3-04-CV-1109-AH, 2006 U.S. Dist. LEXIS 24025 (N.D. Tex. Apr. 12,
    2006) ......................................................................................................................15

*International Ass'n of Machinists and Aerospace Workers, Lodge No. 2504 v.*
    *Intercontinental Mfg. Co.*,
    812 F.2d 219 (5th Cir. 1987) ................................................................................15

*Itzep v. Target Corp*.,
    543 F. Supp. 2d 646 (W.D. Tex. 2008)..................................................................12

*Lavespere v. Niagara Mach. & Tool Works, Inc.*,
    910 F.2d 167 (5th Cir. 1990) ................................................11

*Martin v. Spring Break'83 Productions, L.L.C.*,
    688 F.3d 247 (5th Cir. 2012) ................................................12

*Parker v. ABC Debt Relief, Ltd.*,
    No. 3:10-CV-1332-P, 2013 U.S. Dist. LEXIS 12859 (N.D. Tex. Jan. 28, 2013)....................11

*Prince v. MND Hospitality, Inc.*,
    No. H–08–2617, 2009 WL 2170042 (S.D. Tex. July 20, 2009)................................11

*Sanders v. Sevo Miller, Inc./Sevo Brokerage Grp.*,
    No. 3-00-CV-1924-P, 2001 WL 1295478 (N.D. Tex. Oct. 12, 2001)......................13

*St. Amant v. Benoit*,
    806 F.2d 1294 (5th Cir. 1987) ................................................11

*Stults v. Conoco, Inc.*,
    76 F.3d 651 (5th Cir. 1996) ................................................11

*Valdez v. Celerity Logistics*,
    999 F. Supp. 2d 936 (N.D. Tex. 2014) ................................................14

*Wallace v. Texas Tech Univ.*,
    80 F.3d 1042 (5th Cir. 1996) ................................................11

*Williams v. Adams*,
    836 F.2d 958 (5th Cir. 1988) ................................................10

**Statutes**

29 U.S.C. §203(d) ................................................12

Fair Labor Standards Act ................................................5

FLSA................................................5, 11, 12

**Other Authorities**

Fed. R. Civ. P. 56(a) ................................................10

Defendants SL Resort Holdings, Inc. ("SL Resort") and Cerberus Capital Management, L.P. ("Cerberus") hereby file this Brief in Support of Their Motion for Summary Judgment and would respectfully show as follows:

## I.   <u>INTRODUCTION</u>

Plaintiffs allege that Defendants misclassified Plaintiffs as exempt and failed to pay them overtime pursuant to the Fair Labor Standards Act ("FLSA").[1]  Plaintiffs purport to bring their FLSA claims against five distinct entities, claiming that each entity is liable for such claims. However, with respect to Defendants Cerberus and SL Resort, Plaintiffs do not have even a scintilla of evidence to support claims for either successor or joint employer liability, and certainly neither entity ever directly employed Plaintiffs.   Instead, the competent summary judgment evidence negates Plaintiffs' allegations that either Cerberus or SL Resort are liable for Silverleaf's alleged FLSA violations as joint or successor employers.   Neither Cerberus nor SL Resort qualifies as a joint employer because neither entity (1) possessed the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined the rate and method of compensating Plaintiffs, or (4) maintained Plaintiffs' employment records.   The summary judgment evidence further demonstrates that neither Cerberus nor SL Resort qualifies as a successor employer because neither company is a succeeding entity.   Therefore, the Court should grant summary judgment and dismiss Plaintiffs' claims against Cerberus and SL Resort in their entirety.

---

[1] Plaintiffs also bring claims on behalf of all those similarly situated to Plaintiffs and assert that Plaintiffs' allegations occurred on a class-wide basis. Pl.'s Third Amended Compl. [Dkt. # 91].  Plaintiffs' original motion for conditional certification was denied by the Court on May 13, 2016 without prejudice. [Dkt. # 100]. Plaintiffs filed a renewed motion for conditional certification on October 26, 2016.  [Dkt. # 116].  The parties have fully briefed the renewed motion for certification, but the Court has not yet issued a decision with respect to Plaintiffs' motion.

## II.   <u>BACKGROUND FACTS</u>

### a.   **Plaintiffs' Employment with Silverleaf**

Silverleaf marketed and sold vacation timeshares.  Declaration of Colter Mize ("Mize Decl.") ¶ 5 (App. 0215-0217).  Silverleaf employed Plaintiffs and classified Plaintiffs as non-exempt employees.  Declaration of Christine Harding ("Harding Decl.") ¶ 6 (App. 0002); Declaration of Micala Bernardo ("Bernardo Decl.") ¶4, Exs. A and B (Defendants' Answers to Plaintiff Caitlin Collins' First Set of Interrogatories and Defendants' Responses to Plaintiffs' First Requests for Admissions) (App. 0225, 0227-0247).  Silverleaf maintained all employment records relating to Plaintiffs, and Silverleaf controlled all policies and procedures relating to Plaintiffs' employment, including policies relating to timekeeping and compensation.  *See* Harding Decl. ¶¶ 3-10, Ex. 11 (Silverleaf Employee Handbook) (App. 0001-0003, 0209-0212).

Plaintiff James Parker worked at Silverleaf's Piney Shores Resort in Conroe, Texas. James Parker Deposition ("Parker Dep.") 23:20-25:2 (App. 0258-0260).  At various times, Parker worked as a Sales Representative, Sampler Representative, and Sales Manager.  Parker Dep. 20:25-21:5 (App. 0256-0257).  Parker applied for employment with Silverleaf.  Parker Dep. 162:10-17, Ex. 10 (App. 0286,0303-0304).  Parker never submitted an employment application to Cerberus or SL Resort.   Parker Dep. 164:17-165:2 (App. 0287-0288).   Parker's sales agreement was entered into with Silverleaf and identifies Silverleaf as his employer.  Parker Dep. 164:2-11, Ex. 11 (App. 0287, 0305-0309).  Parker did not enter into any employment agreements with Cerberus or SL Resort.  Parker Dep. 164:17 - 165:2 (App. 0287-0288).  All documents connected with Parker's employment reflect "Silverleaf" as his employer, including but not limited to his time records, pay stubs, and performance reviews. Parker Dep. 165:10 - 169:2, Exs. 3-6, 10-12, 14-15 (App. 0288-0292, 0298-0322, 0323-0325). Parker's supervisors were all employed by Silverleaf.  Parker Dep. 154:20-155:6 (App. 0284-0285).  Cerberus and SL Resort

**DEFENDANTS SL RESORT HOLDINGS, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** – PAGE 6

DAL:950210.3

did not employ Parker, maintain any personnel records relating to Parker, pay Parker, or exert any control over any policy or practice governing Parker's employment with Silverleaf.  *See* Peluso Decl. ¶7, 9-12 (App. 0219); Thompson Decl. ¶ 6-9 (App. 0223-0224); Harding Decl. ¶¶ 3-10 (App. 0001-0003).  Parker's employment with Silverleaf ended in March 2013.  Parker Dep. 179:23 – 180:16 (App. 0293-0294).

Plaintiff Zachary Owens worked at Silverleaf's Villages resort in Flint, Texas.  Zachary Owens Deposition ("Owens Dep.") 15:9-16:3 (App. 0449-0450).  Owens worked as a Sales Representative and Sales Manager.  Owens Dep. 14:9-20 (App. 0448).  Owens applied for employment with Silverleaf.  Owens Dep. 78:21 – 79:2 (App. 0454-0455).  Owens never submitted an employment application to Cerberus or SL Resort.  Owens Dep. 79:14-18 (App. 0455).  All documents connected with Owens' employment reflect "Silverleaf" as his employer, including but not limited to his time records, pay checks, and performance reviews.  Owens Dep. p. 64:15-19, 65:6-8, Exs. 2, 3, 5-6, 12 (App. 0452, 0453, 0459-0460, 0461, 0462-0467, 0468).  Owens' supervisors were all employed by Silverleaf.  Owens Dep. 64:9-14 (App. 0452).  Cerberus and SL Resort did not employ Owens, maintain any personnel records relating to Owens, pay Owens, or exert any control over any policy or practice governing Owens' employment with Silverleaf.  *See* Peluso Decl. ¶ 7, 9-12 (App. 0219); Thompson Decl. ¶ 6-9 (App. 0223-0224); Harding Decl. ¶¶ 3-10 (App. 0001-0003).  Owens' employment with Silverleaf ended in March 2013.  Owens Dep. 58:13-19 (App. 0451).

Plaintiff Taylor Jackson also worked at Silverleaf's Villages resort in Flint, Texas.  Taylor Jackson Deposition ("Jackson Dep.") 10:5-10 (App. 0385-0389).  Jackson worked as a Tour Registration Clerk, Sales Representative, and Sales Manager.  Jackson Dep. 9:14-16, 10:19-21, 12:13-15 (App. 0385, 0386, 0388).  Jackson applied for employment with Silverleaf.

**DEFENDANTS SL RESORT HOLDINGS, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** – PAGE 7

DAL:950210.3

Jackson Dep. 138:5-16, 139:8-19, Exs. 11, 12 (App. 0414, 0415, 0433-0436).   Jackson never submitted an employment application to Cerberus or SL Resort.   Jackson Dep. p. 107:13-17, 120:2-4, 138:17-23, 130:20-140:1 (App. 0391, 0401, 0406-0416).   Jackson's sales agreement was entered into with Silverleaf and identifies Silverleaf as his employer.   Jackson Dep. 140:11-21, Ex. 13 (App.0416, 0437-0441).   Jackson was not hired by and did not enter into any employment agreements with Cerberus or SL Resort.   Jackson Dep. 107:18-25, 128:6-9 (App. 0391, 0405).   All documents connected with Jackson's employment reflect "Silverleaf" as his employer, including but not limited to his time records, pay stubs, and performance reviews. Jackson Dep. 109:20-110:4, 115:14-18, 115:23 – 116:11, Exs. 2, 4-7, 9, 11-13 (App.0393-0394, 0399,0399-0400, 0420-0422, 0423-0431, 0432, 0433-0441).   Cerberus and SL Resort did not employ Jackson, maintain any personnel records relating to Jackson, pay Jackson, or exert any control over any policy or practice governing Jackson's employment with Silverleaf.   *See* Peluso Decl. ¶ 7, 9-12 (App. 0219); Thompson Decl. ¶ 6-9 (App. 0223-0224); Harding Decl. ¶¶ 3-10 (App. 0001-0003).   Jackson's employment with Silverleaf ended in September 2012.   Jackson Dep. 92:21-23, Ex. 7 (App. 0390, 0430-0431).

Plaintiff Caitlin Collins worked at Silverleaf's Villages Resort in Tyler, Texas and then transferred to Silverleaf's Fox River Resort in Illinois.   Caitlin Collins Deposition ("Collins Dep.") 10:15-18, 12:4-6 (App. 0333, 0334).   Collins worked as a Sales Representative and a Sampler Representative.   Collins Dep. 9:16-20 (App. 0332).   Collins applied for employment with Silverleaf.   Collins Dep. 112:18-25, Ex. 11 (App. 0372-0375).   Collins' sales agreement was entered into with Silverleaf and identifies Silverleaf as her employer.   Collins Dep. 114:7-18, Ex. 12 (App. 0347, 0374-0378).   All documents connected with Collins' employment reflect "Silverleaf" as her employer, including but not limited to her time records, pay stubs, and

performance reviews.  Collins Dep. Exs. 2, 4-7, 9, 11, 12 (App. 0351-0378).  Cerberus and SL

Resort did not employ Collins, maintain any personnel records relating to Collins, pay Collins, or

exert any control over any policy or practice governing Collins' employment with Silverleaf.

*See* Peluso Decl. ¶ 7, 9-12 (App. 0219); Thompson Decl. ¶  6-9 (App. 0223-0224); Harding

Decl. ¶¶ 3-10 (App. 0001-0003).   Collins' employment with Silverleaf ended in July 2012.

Collins Dep. 79:25 – 80:1 (App. 0335-0336).

### b.    Silverleaf's Business and Relationship Amongst Defendants

In May 2011, SL Resort purchased all of Silverleaf's stock and became the direct, whole

owner of Silverleaf.  Declaration of Michael Thompson ("Thompson Decl.") ¶ 4 (App. 0223).

SL Resort is an affiliate of Cerberus.  Declaration of Sheila M. Peluso ("Peluso Decl.") ¶ 5 (App.

0218).  Cerberus does not now have, nor has it ever had, an ownership interest in Silverleaf.  *Id.*

at ¶ 6 (App. 0218).  In addition, neither Cerberus nor SL Resort has ever operated any timeshare

resort or employed any individuals as sales representatives or sales managers (including

Plaintiffs).  *Id.* at ¶ 7-8 (App. 0219); Thompson Decl. ¶ 5 (App. 0223).

Then, in May 2015, Orange Lake Holdings ("OLH") acquired Silverleaf from SL Resort.

Declaration of Donna M. Hansen ("Hansen Decl.") ¶ 7 (App. 0221).  As such, since at least May

2015 neither SL Resort nor Cerberus has had any relationship whatsoever with Silverleaf.  At the

time OLH acquired Silverleaf, Silverleaf continued to operate as a viable, solvent entity.

### c.    SL Resort and Cerberus Did Not Employ Plaintiffs

Neither Cerberus nor SL Resort has ever employed any individuals as sales

representatives or sales managers, including Plaintiffs.  Peluso Decl. ¶ 7 (App. 0219); Thompson

Decl. ¶ 5 (App. 0223).  Neither Cerberus nor SL Resort has ever had any role in Silverleaf's

operations or management.  Peluso Decl. ¶ 9 (App. 0219); Thompson Decl. ¶ 6 (App. 0223).

Neither Cerberus nor SL Resort has ever had any role in the hiring, firing, or control of

Silverleaf's employees, including Plaintiffs. Peluso Decl. ¶ 10 (App. 0219); Thompson Decl. ¶ 7 (App. 0224). Neither Cerberus nor SL Resort has ever maintained files or records pertaining to any of Silverleaf's employees, including Plaintiffs. Peluso Decl. ¶ 11 (App. 0219); Thompson Decl. ¶ 8 (App. 0224). Neither Cerberus nor SL Resort has ever had any role in compensating Silverleaf's employees, including Plaintiffs, or determining the compensation provided to Silverleaf's employees, including Plaintiffs. Peluso Decl. ¶ 12 (App. 0219); Thompson Decl. ¶ 9 (App. 0224). Finally, neither Cerberus nor SL Resort has ever had any role in the management of Silverleaf's resort properties and/or sales facilities, including those in which Plaintiffs worked. Peluso Decl. ¶ 13 (App. 0219); Thompson Decl. ¶ 10 (App. 0224). Plaintiffs have no evidence to contradict or even call into question any of these facts.

### III.   ARGUMENT AND AUTHORITIES

#### a.   Summary Judgment is Warranted

Summary judgment is proper when a movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). The party moving for summary judgment carries the burden to demonstrate that these conditions have been satisfied. *Williams*, 836 F.2d at 960 (citing *Thomas v. Harris Cty.*, 784 F.2d 648, 651 (5th Cir. 1986) (per curiam)). Once the movant has carried its burden, the burden then shifts to the non-movant to show that summary judgment should not be granted by setting forth specific facts showing the existence of a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324-25; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the non-movant must set forth admissible evidence leading to reasonable inferences that support the non-movant's position. *See St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

**DEFENDANTS SL RESORT HOLDINGS, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT – PAGE 10**

A defendant may demonstrate that it is entitled to judgment as a matter of law by submitting summary judgment evidence that negates the existence of an essential element of the plaintiff's claim. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). The defendant, however, may also establish that summary judgment is proper by showing that there is no evidence to support an essential element of the plaintiff's claim. *See Celotex Corp.*, 477 U.S. at 325. It is not necessary for the defendant to introduce evidence that negates the plaintiff's claim; the movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Here, the Court should grant Defendants' Motion for Summary Judgment because Plaintiffs have not, and cannot, produce any evidence to support their contention that Cerberus and SL Resort employed Plaintiffs under any legal theory. Therefore, their FLSA claims against Cerberus and SL Resort fail as a matter of law.

### b.      SL Resort Cerberus Are Not "Employers" as Defined Under the FLSA

To establish a *prima facie* case under the FLSA, Plaintiffs have the burden of proving the existence of an employer-employee relationship by a preponderance of the evidence. *Prince v. MND Hospitality, Inc.,* No. H–08–2617, 2009 WL 2170042, at *5 (S.D. Tex. July 20, 2009). Whether a person or entity is an employer under the FLSA is a question of law. *Dalheim v. KDFW-TV,* 918 F.2d 1220, 1226 (5th Cir. 1990); *see also Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317,1327 (5th Cir. 1985); *Parker v. ABC Debt Relief, Ltd.,* No. 3:10-CV-1332-P, 2013 U.S. Dist. LEXIS 12859, at *9 (N.D. Tex. Jan. 28, 2013) ("whether a person is an employer under the FLSA is a question of law")*; Donihoo v. Dall. Airmotive, Inc.,* CIVIL ACTION NO. 3:97-CV-0109-P, 1998 U.S. Dist. LEXIS 1417, at *9 (N.D. Tex. Feb. 2, 1998) (The determination of an employee's status is "ultimately a question of law, although the subsidiary

**DEFENDANTS SL RESORT HOLDINGS, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT – PAGE 11**

findings which lead to that determination are questions of fact."). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). An entity's status as an employer for the purpose of the FLSA turns on the "economic reality" of the working relationship. *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961) (citations omitted) *see also Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 U.S. Dist. LEXIS 169262, at *16 (N.D. Tex. Dec. 8, 2014) ("the Fifth Circuit has approved use of the 'economic realities' test to determine who is an employer under the FLSA."). Here, although there is no dispute that Plaintiffs were primarily employed by Silverleaf, Plaintiffs have wrongly alleged that Defendants Cerberus and SL Resort also employed Plaintiffs. The facts clearly establish (and Plaintiffs do not seem to dispute) that Plaintiffs were never directly employed by either SL Resort or Cerberus. Therefore, because Plaintiffs cannot establish that Cerberus or SL Resort operated as joint or successor employers, the Court must grant Defendants' Motion for Summary Judgment.

   i. <u>Neither Cerberus nor SL Resort jointly employed Plaintiffs.</u>

   To establish a joint employment relationship, Plaintiffs must demonstrate that each purported employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; <u>and</u> (4) maintained employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012); *see also Martin v. Spring Break'83 Productions, L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012). Where there are no material facts in dispute, whether a party is a joint employer is a question of law. *Itzep v. Target Corp.*, 543 F. Supp. 2d 646, 653 (W.D. Tex. 2008). The Court need not decide that any one specific factor weighs against joint employment in order to grant summary judgment; it must merely conclude that insufficient evidence exists in the record to establish employment when the facts are interpreted in the light most favorable to plaintiffs.

**DEFENDANTS SL RESORT HOLDINGS, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** – PAGE 12

DAL:950210.3

*Artis v. Asberry*, No. CIV.A. G-10-323, 2012 WL 5031196, at *4 (S.D. Tex. Oct. 16, 2012) (granting defendant's motion for summary judgment where plaintiffs presented no evidence, and the court was aware of none, in support of their statements alleging joint employment status).

In this case, there are no material facts in dispute. Plaintiffs were employed by Silverleaf. Cerberus does not now have; nor has it ever had; an ownership interest in Silverleaf. Peluso Decl. ¶ 6 (App. 0218). In addition, contrary to Plaintiffs' assertions, neither Cerberus nor SL Resort has ever operated any timeshare resort or employed any individuals as sales representatives or sales managers, including Plaintiffs. *Id.* at ¶ 7-8 (App. 0219); Thompson Decl. ¶ 5 (App. 0223). Finally, all of the relevant personnel records identify Silverleaf alone as Plaintiffs' employer, and Plaintiffs cannot present a single document evidencing that Plaintiffs maintained an employment relationship with Cerberus or SL Resort. *See, e.g.*, Parker Dep. Exs. 3-6, 10-12, 14-15 (App. 0298-0322, 0323-0325 ); Jackson Dep. Exs. 2, 4-7, 9, 11-13 (App. 0420-0422, 0423-0431, 0432, 0433-0441); Owens Dep. Exs. 2-3, 5-6, 12 (App. 0459-0460, 0461, 0462-0467, 0468); Collins Dep. Exs. 2, 4-7, 9, 11, 12 (App. 0351-0378). Plaintiffs offer no evidence to support their assertion that Cerberus or SL Resort jointly employed Plaintiffs other than Plaintiffs' own mistaken, subjective belief that they were employed by those entities. A subjective belief as to an individual's employment status is not competent summary judgment evidence. *Sanders v. Sevo Miller, Inc./Sevo Brokerage Grp.*, No. 3-00-CV-1924-P, 2001 WL 1295478, at *6 (N.D. Tex. Oct. 12, 2001). Employee status is based on the economic realities of the relationship, and, therefore, the subjective beliefs of the alleged employees or employers are irrelevant to a worker's status. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987) (holding a person's subjective beliefs cannot transmogrify objective economic realities).

**DEFENDANTS SL RESORT HOLDINGS, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** – PAGE 13

DAL:950210.3

Because Plaintiffs are unable to present summary judgment evidence establishing that Cerberus and SL Resort (1) possessed the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained Plaintiffs' employment records,[2] the Court must grant SL Resorts' and Cerberus' Motion for Summary Judgment accordingly.

ii.     <u>Plaintiffs fail to establish successor liability as to Cerberus or SL Resort because neither entity is a successor to Silverleaf.</u>

Plaintiffs additionally fail to present any evidence showing that SL Resort or Cerberus are successors to Silverleaf.  The Court must consider four factors in analyzing successor liability: (1) whether there is substantial continuity between the business operations of the successor and the predecessor; (2) whether the successor had notice of potential liability when it acquired the relevant assets; (3) whether the predecessor is able to provide relief directly; and (4) whether the overall equities support the imposition of successor liability. *See Valdez v. Celerity Logistics*, 999 F. Supp. 2d 936, 944 (N.D. Tex. 2014).  Plaintiffs fail to provide any evidentiary support for their claim that Cerberus and SL Resort are successor entities, and, thus, summary judgment is appropriate with respect to this claim.

Plaintiffs' successor employer claim rests solely on their bare allegations that Silverleaf would not be able to satisfy an adverse judgment and that a predecessor-successor relationship exists between these entities.  However, importantly, Cerberus does not have, and has never had,

---

[2] Plaintiffs testified during their depositions that they were not hired by Cerberus or SL Resort but that they thought they may have worked for Cerberus.  *See, e.g.*, Parker Dep. 119:10-17, 135:1 – 136:19 (App. 0261, 0277-0278); Jackson Dep. 107:18 – 108:9, 120:2-12 (App. 0391-0392, 0401); Collins Dep. 99:12 – 100:19, 110:3-6 (App. 0337-0338, 0346).  Plaintiffs additionally testified that they did not know or remember whether Cerberus or SL Resort maintained their employment records, controlled their compensation and work schedules, or determined the conditions of employment.  *See, e.g.*, Collins Dep. 104:17-25, 105:6 – 106:3 (App. 0339, 0340-0341); Jackson Dep. 108:22 – 109:4, 110:5-9, 112:1-5, 115:14-18, 120:13-121:9, 122:11 – 123:15 (App. 0392-0393, 0394, 0396, 0399, 0401-0402, 0403-0404); Parker Dep. 120:3-7, 126:18-22, 127:21 – 128:1, 130:2-13, 141:7-11 (App. 0262, 0268, 0269-0270, 0272, 0283).

**DEFENDANTS SL RESORT HOLDINGS, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** – PAGE 14

any ownership interest in Silverleaf.  Peluso Decl. ¶ 6 (App. 0218).  Further SL Resort likewise

no longer retains any ownership interest in Silverleaf, as it sold Silverleaf to OLH in May 2015.

Hansen Decl. ¶ 7 (App. 0221).  Finally, Silverleaf continued to exist as a solvent, viable entity

during the period of SL Resort's stock ownership, further refuting any claim that Cerberus or SL

Resort should be liable for Plaintiffs' claims as a successor employer.  *See Hamar v. Ashland,*

*Inc.*, No. 3-04-CV-1109-AH, 2006 U.S. Dist. LEXIS 24025, at *12 (N.D. Tex. Apr. 12, 2006)

(absolving successor of liability when predecessor continued to operate as viable entity following

acquisition).  As a result, Plaintiffs wholly fail to establish "successor liability" such that SL

Resort or Cerberus would be proper parties to this litigation.  Plaintiffs' bare allegations and

unsupported conclusions are insufficient to overcome summary judgment, and the Court should

grant Defendants' Motion accordingly.  *International Ass'n of Machinists and Aerospace*

*Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987)

(defendant moving for summary judgment may rely upon absence of evidence to support

essential elements of plaintiff's case).

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Defendants Cerberus and SL Resort respectfully request that the

Court grant their Motion for Summary Judgment, dismiss all of Plaintiffs' claims against

Defendants Cerberus and SL Resort, and grant Defendants Cerberus and SL Resort such further

relief to which they may be justly entitled.

Respectfully submitted,

/s/ *Isabel A. Crosby*

Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Isabel Andrade Crosby
State Bar No. 24050226
isabelcrosby@andrewskurth.com
Micala R. Bernardo
State Bar No. 24061108
micalabernardo@andrewskurth.com

Andrews Kurth Kenyon LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659 4400
Facsimile:   (214) 659 4401

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On December 19th, 2016, the undersigned counsel electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Isabel A. Crosby*

Isabel A. Crosby