# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES PARKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-cv-02075-B |
| v. | § | |
| | § | |
| SILVERLEAF RESORTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FLSA SETTLEMENT AGREEMENT

1.      This FLSA Settlement Agreement ("Settlement") is entered into by Plaintiffs James Parker ("Parker"), Caitlin Collins ("Collins"), Taylor Jackson ("Jackson"), and Zachary Owens ("Owens"), as well as those other Plaintiffs listed on Exhibit A hereto (collectively, "Plaintiffs," and as more fully described herein at Paragraph 3); and Defendants Silverleaf Resorts, Inc., Cerberus Capital Management, L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., and Orange Lake Holdings, LLP (collectively, "Silverleaf"). The Plaintiffs and Silverleaf, collectively, are the Parties to this Settlement.

### A.      Factual Background and Recitals

2.      On March 13, 2014, Parker and several other individuals filed the instant matter, Cause No. 3:14-cv-85, in the United States District Court for the Southern District of Texas, Galveston Division (the "Action"), on behalf of themselves and similarly situated Silverleaf salespersons, seeking collective relief under the FLSA for minimum wage and overtime violations. On June 6, 2014, the Action was transferred to the United States District Court for the Northern District of Texas, Dallas Division, and was renumbered to Cause No. 3:14-cv-2075.

3.      On May 1, 2017, the Court conditionally certified a collective action of non-exempt salespersons and authorized notice. The notice period began on May 15, 2017, and ended on July

31, 2017. Notice was sent to 561 putative class members across the country, and 200 plaintiffs joined the suit via this opt-in procedure. Those 200 individuals and the four (4) named Plaintiffs who have filed notices of consent to join the <u>Action</u> are referred to in this <u>Settlement</u> as the <u>Plaintiffs</u>, and are identified in Exhibit A attached hereto.

   4. <u>Silverleaf</u> denies the allegations in the <u>Action</u>.

   5. <u>Plaintiffs</u> are represented by the following counsel: Lead Counsel, Rhonda H. Wills, Wills Law Firm, PLLC ("<u>Class Counsel</u>"); Kobby T. Warren, Warren Healy, PLLC, local counsel.

   6. <u>Class Counsel</u> has conducted a thorough investigation into the facts of the <u>Action</u> and has diligently pursued an investigation of the claims of the <u>Plaintiffs</u> against <u>Silverleaf</u>. <u>Silverleaf</u> produced hundreds of thousands of documents, including pay records, time records, emails, wage and hour policies, and personnel records in the <u>Action</u>. The <u>Parties</u> also conducted extensive discovery and investigations regarding the facts pertinent to the <u>Action</u>, deposed the four named Plaintiffs and two <u>Silverleaf</u> personnel, prepared for depositions of other <u>Silverleaf</u> personnel, and prepared extensive briefing. Based on their own independent investigation and evaluation, <u>Class Counsel</u> is of the opinion that the <u>Settlement</u> with <u>Silverleaf</u> for the consideration and on the terms set forth in this <u>Settlement</u> is fair, reasonable, and adequate, and is in the best interest of the <u>Plaintiffs</u> in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by <u>Silverleaf</u>, and numerous potential appellate issues. The <u>Parties</u> further recognize that unless they settle their disputes, the issues presented in the <u>Action</u> are not likely to be resolved without extensive and costly pretrial proceedings, and that further litigation will cause inconvenience, distraction, disruption, delay, and expense potentially disproportionate to the potential benefits of litigation. The <u>Parties</u> have taken into account the risk

and uncertainty of the outcome inherent in any litigation. The <u>Parties</u> specifically agree that the amount of the settlement and the allocation of sums are fair and just in light of the discovery and investigations conducted.

7.    Counsel for the <u>Parties</u> have engaged in extensive arm's-length settlement negotiations, including mediating with noted wage and hour mediator, Nancy Huston, on October 26, 2017 (and with continued telephonic settlement negotiations thereafter), which ultimately resulted in this <u>Settlement</u> on February 8, 2018 pursuant to a mediator's proposal.

8.    The <u>Parties</u> are represented by competent counsel and have had the opportunity to consult with counsel prior to the submission of this <u>Settlement</u> to the Court.

9.    Nothing in this <u>Settlement</u>, or the fact of the <u>Settlement</u> itself, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing of any kind on behalf of <u>Silverleaf</u> with respect to the claims asserted in the <u>Action</u>. <u>Silverleaf</u> denies all the claims and contentions alleged in the <u>Action</u>. Nonetheless, <u>Silverleaf</u> has concluded that further litigation would be protracted and expensive, and would also divert management and employee time. <u>Silverleaf</u> has taken into account the uncertainty and risks inherent in litigation, especially in multi-party cases. <u>Silverleaf</u>, therefore, has concluded that it is desirable that the claims of the <u>Plaintiffs</u> be fully and finally settled in the manner and upon the terms and conditions set forth in this <u>Settlement</u>.

## B.    <u>Terms of Settlement</u>

**ACCORDINGLY, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

10.    The <u>Parties</u> have agreed to fully, finally, and forever compromise and settle all claims asserted in the <u>Action</u>.

11.    <u>Collective Action Definition.</u> The FLSA collective action will consist of all individuals who filed a notice of consent in the <u>Action</u>—that is, the <u>Plaintiffs</u>, as defined in Paragraph 3. The <u>Parties</u> further agree that the relevant period for the FLSA collective action is March 13, 2011 to February 8, 2018, and that each <u>Plaintiff's</u> <u>Relevant Time Period</u> shall be defined as the three-year look-back period from the date of the <u>Plaintiff's</u> notice of consent to join the <u>Action</u>, which dates are listed on Exhibit A attached hereto.

12.    <u>Gross Settlement Amount.</u> Orange Lake Country Club, Inc. and/or Orange Lake Holdings, LLP agrees to pay on behalf of <u>Silverleaf</u> a total of $1,250,000.00 (ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS) (the "<u>Gross Settlement Amount</u>") for all payments of any kind under this <u>Settlement</u>, including the resolution of all claims of the <u>Plaintiffs</u>, for the Claims Administrator's fees and costs, for <u>Class Counsel's</u> attorneys' fees, costs and expenses, for service payments, and for <u>Plaintiffs'</u> portion of employee payroll taxes, (but not <u>Silverleaf's</u> share of payroll taxes). Under no circumstances shall <u>Silverleaf</u> be required to make any other payment of any kind in this matter in excess of the <u>Gross Settlement Amount</u>, including, but not limited to, any additional payment to <u>Plaintiffs</u>, except as to <u>Silverleaf's</u> share of payroll taxes as set forth herein.

<u>Net Settlement Amount</u>. The Net Settlement Amount shall be calculated by deducting from the <u>Gross Settlement Amount</u> the following sums: (1) for <u>Class Counsel's</u> attorneys' fees, and/or the fees of any local counsel, of up to $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS), subject to Court approval; (2) for <u>Class Counsel's</u> costs and litigation expenses of $25,757.21, subject to Court approval; (3) for service payments in the amount of $10,000.00 (TEN THOUSAND DOLLARS) each to James Parker, Caitlin Collins, Taylor Jackson, and Zachary Owens, subject to Court approval and subject to the execution of Exhibit B attached hereto; and

(4) all reasonable costs incurred by the Claims Administrator, such sum not expected to exceed $5,000.00. The individual right of any person to receive a service payment is conditioned on their execution of a release of all their employment claims in the form attached hereto as Exhibit B.  If Class Counsel appeals a reduction by the Court in the amount of fees or costs and expenses sought, the Claims Administrator shall retain the amount in dispute and shall withhold it from distribution to the Plaintiffs until any such appeal is withdrawn, with prejudice, or fully and finally determined.

13.    Unapproved Deductions. If any of the amounts deducted from the Gross Settlement Amount are not approved by the Court in the amount set forth in this Settlement, such unapproved amounts will be added to the Net Settlement Amount to be distributed to Plaintiffs and shall not revert back to Silverleaf.

14.    Reserve. A reserve of $20,000.00 (TWENTY THOUSAND DOLLARS) ("Reserve Fund") shall be maintained by the Claims Administrator in the event of a dispute by a Plaintiff regarding the amount of his or her payment for a period of 120 days following the Effective Date. The application of the reserve in response to any dispute shall require the good faith negotiation and agreement of the Class Counsel and Silverleaf. At the end of the 120-day period, the Claims Administrator shall distribute the unused portion of the Reserve Fund to all Plaintiffs using the same pro rata formula set forth in Paragraph 15.

15.    Payment of Settlement. The settlement payments to Plaintiffs shall be calculated in the following manner:

a.    To determine each Plaintiff's Individual Payment, the Parties added the following:

(1)    service payment, if any; and

(2)    each Plaintiff's Pro Rata Payment. Each Pro Rata Payment was determined based on a pro rata share of the Net Settlement Fund,

based on each <u>Plaintiff's Points</u>, and a minimum allotment of $250.00 for each <u>Plaintiff</u>.

(a)   Determined each "<u>Plaintiff's Points</u>":

(i)   The <u>Plaintiff's</u> average weekly compensation for his or her Relevant Time Period;

(ii)   Multiplied by the total number of workweeks worked in the <u>Relevant Time Period</u>.

(b)   Calculated each <u>Plaintiff's</u> <u>Pro Rata Payment</u>:

(i)   Added <u>Plaintiff's Points</u> together to obtain the "<u>Total Denominator</u>";

(ii)   Divided each <u>Plaintiff's Points</u> by the <u>Total Denominator</u> to obtain each <u>Plaintiff's</u> allocated percentage of the <u>Net Settlement Amount</u>.

(iii)   Multiplied each <u>Plaintiff's</u> percentage obtained in Paragraph 15(a)(2)(b)(ii) above against the <u>Net Settlement Amount</u> to determine each <u>Plaintiff's</u> <u>Pro Rata Payment</u>.

(iv)   For <u>Plaintiffs</u> whose <u>Pro Rata Payment</u> calculated above is less than $250, revised their share upward to $250. Re-weighted the remaining settlement funds pro-rata using the proportionate percentages calculated in steps 2(b)(i)-(iii), excluding members whose shares were already revised upward to $250, in order to calculate the revised <u>Pro Rata Payment</u> amounts for <u>Plaintiffs</u> receiving more than $250.

16.   <u>Taxes</u>. Each <u>Plaintiff's</u> <u>Pro Rata Payment</u> will be designated as payments for: (i) wages (50%), and (ii) liquidated damages (50%). Each <u>FLSA Plaintiff</u> will receive two checks: one for liquidated damages, and one for wages (from which taxes will be withheld).

17.   <u>Plaintiffs</u> are responsible to pay appropriate taxes due on the <u>Individual Payments</u> they receive (except for <u>Silverleaf's</u> share of payroll, social security, and Medicare tax). Appropriate federal, state, and local withholding taxes will be taken out of the wage allocations, and each <u>Plaintiff</u> will receive an IRS Form W-2 with respect to this portion of the settlement

payment. IRS Forms 1099 will be issued to each Plaintiff reflecting the payments for liquidated damages. All Individual Payments to Plaintiffs shall be deemed to be paid to such Plaintiffs solely in the year in which such payments are actually issued to the Plaintiff. Counsel do not purport this communication to constitute legal advice. To the extent that this Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any U.S. Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code. No taxes will be withheld from service payments.

18.    Full Compensation. Other than those payments set forth herein, the Individual Payments provided for in this Settlement are the sole payments to be made by Silverleaf to any person or entity in exchange for the claims released in Paragraph 31. No Plaintiff will be entitled to any additional compensation or benefits as a result of receiving amounts under this Settlement. For example, receipt of Individual Payments will not entitle any Plaintiff to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by this Settlement. Payments under the Settlement will not entitle a Plaintiff to any increased retirement, 401(k) benefits or matching benefits, or other compensation benefits. This provision will apply notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement.

19.    Attorneys' Fees. In consideration for settling this matter and in exchange for the release of all claims by the Plaintiffs, and subject to final approval and/or modification by the Court, Silverleaf acknowledges that Class Counsel seeks from the Gross Settlement Amount attorneys' fees in the amount of $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS).

Silverleaf does not object to Class Counsel's application for attorneys' fees in this amount. The attorneys' fees are to compensate Class Counsel and/or local counsel for all the work already performed in the Action, all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Action.

20.    Costs & Expenses. Subject to final Court approval, Silverleaf acknowledges that Class Counsel seeks reimbursement from the Gross Settlement Amount of past, present, and future costs and expenses in the amount of $25,757.21. Silverleaf does not object to Class Counsel's application for costs and expenses in this amount.

21.    Funding. No later than five (5) business days from the Effective Date, Orange Lake Country Club, Inc. and/or Orange Lake Holdings, LLP will wire the Gross Settlement Amount to the Claims Administrator.

22.    Payment of Attorneys' Fees and Costs. The attorneys' fees, costs and expenses approved by the Court shall be paid to Class Counsel by the Claims Administrator within five (5) business days following the Effective Date of this Settlement as set forth below. Payment for attorneys' fees, costs and expenses shall be made payable to: Wills Law Firm, PLLC (Tax Id. No. 45-5091782) at 1776 Yorktown, Suite 570, Houston, Texas, 77056. Any reduction in the amount of fees or costs by the Court will not result in a nullification of the Settlement. In the event that Class Counsel appeals any refusal by the Court to award fees and costs in the amounts requested, the Effective Date will not be delayed and payment to the Plaintiffs will not be delayed. All costs and fees associated with any additional distribution by the Claims Administrator will be borne solely by Class Counsel.

23.    _Service Payments_. Subject to Court approval, _Silverleaf_ acknowledges that _Class Counsel_ will seek from the _Gross Settlement Amount_ service payments in the amount of $10,000.00 (TEN THOUSAND DOLLARS) each to James Parker, Caitlin Collins, Taylor Jackson, and Zachary Owens (collectively, hereinafter, the "_Service Recipients_").

24.    _Silverleaf_ will not object to _Class Counsel's_ application for the service payments described in the preceding paragraph. The Claims Administrator will issue an IRS Form 1099 for the service payment to the _Service Recipients_ for their services upon _Silverleaf's_ receipt of a release of all employment claims, as set forth in Exhibit B hereto. The _Service Recipients_ will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes due on the amount received. The _Service Recipients_ agree to pay all taxes due on the service payments. Subject to _Silverleaf's_ receipt of a release of all employment claims in the form attached hereto as Exhibit B, the Claims Administrator will submit the service payment approved by the Court to the _Service Recipients_ on the same date _Class Counsel_ is paid their attorneys' fees and costs.

25.    _Claims Administrator_. The _Parties_ agree to request that the Court designate Kurtzman Carson Consultants, LLC, as the Claims Administrator, to fulfill the obligations commonly associated with that role in wage and hour class and collective actions and those responsibilities assigned to them in this _Settlement_ or by Order of the Court. The _Parties_ agree that, subject to Court approval, the reasonable costs of the Claims Administrator and notice and/or publication and all other reasonable costs associated with the administration of this _Settlement_ shall be paid from the _Gross Settlement Amount_.

### C.    **Settlement Procedure**

26.    <u>Effective Date</u>. The settlement embodied in this <u>Settlement</u> shall become effective when, and is conditioned upon, all of the following events having occurred: (i) this <u>Settlement Agreement</u> has been executed by James Parker, Caitlin Collins, Taylor Jackson, Zachary Owens, and <u>Silverleaf</u>; (ii) the Court has given approval of this <u>Settlement</u>; and (iii) the Court finally approves the Illinois Rule 23 class settlement filed concurrently herewith, and such Illinois Rule 23 class settlement becomes effective.

### D.    **Claims Administration**

27.    The <u>Parties</u> have agreed to and request that the Court appoint Kurtzman Carson Consultants, LLC as Claims Administrator for this <u>Settlement</u>.

28.    <u>Silverleaf</u> will provide the following information to the Claims Administrator for each <u>Plaintiff</u> within ten (10) business days of the execution of this <u>Settlement</u>: the <u>Plaintiff's</u> name, last known address, and last four digits of the Social Security number.

29.    No later than five (5) business days from the <u>Effective Date</u>, the Claims Administrator will issue and mail out by first class mail settlement checks (including for service payments, conditioned upon completion of Exhibit B hereto and delivery of same to Silverleaf) to <u>Plaintiffs</u> in the amount derived from using the formula set forth in Paragraph 15, and will withhold taxes, in accordance with this <u>Settlement</u>. All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this <u>Settlement</u> until all payments and obligations contemplated by this <u>Settlement</u> have been fully carried out.

30.    Settlement checks shall remain valid and negotiable for one hundred and eighty (180) days from the date of their issuance and will automatically be cancelled by <u>Silverleaf</u> or the

Claims Administrator if not cashed by the Plaintiff within that time. Checks for Individual Payments which have expired will not be reissued, and the funds shall be disbursed in accordance with the individual Plaintiff's State unclaimed property fund. Proof of payment will be filed with the Court and provided to Class Counsel and Silverleaf's Counsel.

### E.    Release by the Class

31.    The Settlement shall effect a complete settlement and release and shall extinguish, waive, fully release, and forever discharge the Released Parties as to each Plaintiff (identified in Exhibit A hereto) as to all claims arising from the Action, from any and all claims, debts, liabilities, demands, obligations, damages, action, or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in the Action pertaining to or arising from violations of wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act, and the wage and hour laws of the states of residence or employment of the Plaintiffs, except that this release will not cover any claims arising under the wage and hour laws of the State of Illinois. The claims enumerated in this paragraph shall be referred to as the "Released Claims." Nothing in this Settlement shall be construed to waive any right that is not subject to waiver by private agreement.

32.    The Released Parties include: (a) all of Silverleaf's present and former parent companies, subsidiaries, related, or affiliated companies; (b) all of Silverleaf's divisions; (c) all of the shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) any individual or entity which could be jointly liable with Silverleaf.

## F.     Miscellaneous Provisions

33.     The signatories hereto represent that they are fully authorized to enter into this Settlement and to bind the Parties to its terms and conditions.

34.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents, and taking such other action as reasonably may be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Silverleaf and its counsel, take all necessary steps to secure the Court's approval of this Settlement.

35.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein or except in connection with hiring their attorneys.

36.     Nothing contained herein, nor the consummation of this Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Silverleaf. All parties hereto have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

37.     In the event that any Party to this Settlement institutes a legal action or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties may be

entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs at the Court's discretion, including expert witness fees incurred in connection with any enforcement actions.

38.    This <u>Settlement</u> and the Exhibits appended to it contains the entire agreement between the Parties relating to the <u>Settlement</u> and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a <u>Party</u> or such <u>Party's</u> legal counsel, are merged herein. No rights hereunder may be waived except in writing.

39.    This <u>Settlement</u> may be executed in counterparts, and when each <u>Party</u> has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one <u>Settlement</u>, which shall be binding upon and effective as to all <u>Parties</u>.

Dated: _____, 2018.      CLASS REPRESENTATIVES:

By: _____
James Parker

By: _____
Caitlin Collins

By: _____
Taylor Jackson

By: _____
Zachary Owens

Dated: _____, 2018.      DEFENDANT SILVERLEAF RESORTS, INC.

By: _____

DEFENDANT CERBERUS CAPITAL MANAGEMENT L.P.

By: _____

DEFENDANT SL RESORT HOLDINGS INC.

By: _____

DEFENDANT ORANGE LAKE COUNTRY CLUB, INC.

By: _____

DEFENDANT ORANGE LAKE HOLDINGS, LLP

By: _____

Dated: _03/09_____, 2018.

CLASS REPRESENTATIVES:

By: _____
James Parker

By: _____
Caitlin Collins

By: _____
Taylor Jackson

By: _____
Zachary Owens


Dated: _____, 2018.

DEFENDANT SILVERLEAF RESORTS, INC.

By: _____


DEFENDANT CERBERUS CAPITAL MANAGEMENT L.P.

By: _____


DEFENDANT SL RESORT HOLDINGS INC.

By: _____


DEFENDANT ORANGE LAKE COUNTRY CLUB, INC.

By: _____


DEFENDANT ORANGE LAKE HOLDINGS, LLP

By: _____

Dated: _____, 2018.

CLASS REPRESENTATIVES:

By: _____
James Parker

By: _____
Caitlin Collins

By: _____
Taylor Jackson

By: _____
Zachary Owens

Dated: March 9 , 2018.

DEFENDANT SILVERLEAF RESORTS, INC.

By: _____

DEFENDANT CERBERUS CAPITAL MANAGEMENT L.P.

By: _____

DEFENDANT SL RESORT HOLDINGS INC.

By: _____

DEFENDANT ORANGE LAKE COUNTRY CLUB, INC.

By: _____

DEFENDANT ORANGE LAKE HOLDINGS, LLP

By: _____

Dated: _____, 2018.

CLASS REPRESENTATIVES:

By: _____
    James Parker

By: _____
    Caitlin Collins

By: _____
    Taylor Jackson

By: _____
    Zachary Owens

Dated: March 9 _____, 2018.

DEFENDANT SILVERLEAF RESORTS, INC.

By: _____

DEFENDANT CERBERUS CAPITAL MANAGEMENT L.P.

By: _Aumle Peuus_____

DEFENDANT SL RESORT HOLDINGS INC.

By: _____

DEFENDANT ORANGE LAKE COUNTRY CLUB, INC.

By: _____

DEFENDANT ORANGE LAKE HOLDINGS, LLP

By: _____

| *Plaintiff* | *Date Notice of Consent Filed* |
|---|---|
| 1. Aaron, Gilbert | May 23, 2017 |
| 2. Aguado, Terra | June 13, 2017 |
| 3. Allen, Douglas | July 27, 2017 |
| 4. Allen, Frank | July 17, 2017 |
| 5. Bagneris, Lenartis | July 13, 2017 |
| 6. Baker, Jacob | June 5, 2017 |
| 7. Bay Harrison, Jr. Nelson | May 24, 2017 |
| 8. Beard, Ramona | May 30, 2017 |
| 9. Beas, Brandon | June 22, 2017 |
| 10. Bennett Jr., William | June 30, 2017 |
| 11. Berenyi, Lisa | July 3, 2017 |
| 12. Besse, Bryon | July 17, 2017 |
| 13. Bishop, Pamela | July 10, 2017 |
| 14. Blatzheim, Ondrea | June 26, 2017 |
| 15. Bogenschutz, Christian | June 13, 2017 |
| 16. Bomar, Maria Inez | May 25, 2017 |
| 17. Bradshaw, Taylor | July 3, 2017 |
| 18. Brian, Carol | July 12, 2017 |
| 19. Brightwell, Macie | July 17, 2017 |
| 20. Brooks, William | June 7, 2017 |
| 21. Brown, Dominique | June 6, 2017 |
| 22. Burrow, Dan | July 24, 2017 |
| 23. Cahalane, Debra | May 26, 2017 |
| 24. Camera, Kyle | June 5, 2017 |
| 25. Campbell, Colin | May 25, 2017 |
| 26. Campuzano, Roman | July 14, 2017 |
| 27. Caravel, Samantha | June 6, 2017 |
| 28. Carlo, Miguel | July 10, 2017 |
| 29. Carriedo, Christopher | July 13, 2017 |
| 30. Carrillo, Normanzka | July 24, 2017 |
| 31. Carroll III, Donald | July 5, 2017 |
| 32. Carter, Kathleen | July 5, 2017 |
| 33. Ceron, Joe | May 23, 2017 |
| 34. Cheek, Jaqueline | July 24, 2017 |
| 35. Clark, Joseph James | May 25, 2017 |
| 36. Cline, Christopher | July 10, 2017 |
| 37. Cobb, Garrett | May 31, 2017 |

EXHIBIT A
To FLSA Settlement Agreement
Page 1 of 6

| *Plaintiff* | *Date Notice of Consent Filed* |
|---|---|
| 38. Cole, Alyssa | June 16, 2017 |
| 39. Collins, Caitlin | March 13, 2014 |
| 40. Cook, Csone | July 11, 2017 |
| 41. Cook, Michael | May 30, 2017 |
| 42. Correa, Eduardo | June 27, 2017 |
| 43. Cortez, David Anthony | July 10, 2017 |
| 44. Cranston, Christine | July 17, 2017 |
| 45. Cromwell, Krystal | June 2, 2017 |
| 46. Cromwell, Sheri | May 23, 2017 |
| 47. Degale, Stephen | July 24, 2017 |
| 48. Demory, Warren | May 30, 2017 |
| 49. Denler, Cherilyn | July 11, 2017 |
| 50. Devaney, Brandi | July 17, 2017 |
| 51. Dinkins, Edwin | July 18, 2017 |
| 52. Dix, Christopher | July 14, 2017 |
| 53. Dorsey, Tiffany | May 31, 2017 |
| 54. Dowd, Scott | June 2, 2017 |
| 55. Dowdle, Rathan | May 25, 2017 |
| 56. Durst, Steven | June 15, 2017 |
| 57. Elder, David | June 2, 2017 |
| 58. Ellisor, Craig | June 12, 2017 |
| 59. Ferguson, Sean | May 30, 2017 |
| 60. Flores, Melissa | May 24, 2017 |
| 61. Foudy, Jennifer | July 3, 2017 |
| 62. Fuller, Charles | July 10, 2017 |
| 63. Garcia, Juan | July 3, 2017 |
| 64. Garza Bautista, Faustino | May 24, 2017 |
| 65. Garza Maldonado, David | May 24, 2017 |
| 66. Garza, Ernesto | July 7, 2017 |
| 67. George III, David | June 12, 2017 |
| 68. Ghafoor, Irfaan | May 30, 2017 |
| 69. Gilcrease, Kayla | July 20, 2017 |
| 70. Gilger, Patrick | May 25, 2017 |
| 71. Gonday, Alexandra | July 7, 2017 |
| 72. Gonzalez, Francisco | July 5, 2017 |
| 73. Gonzalez, Michael | July 6, 2017 |
| 74. Greene, Annette | May 26, 2017 |

EXHIBIT A
To FLSA Settlement Agreement
Page 2 of 6

| *Plaintiff* | *Date Notice of Consent Filed* |
|---|---|
| 75.     Griffin, Archie | June 5, 2017 |
| 76.     Griffin, Shamir Johnson | June 29, 2017 |
| 77.     Guardiola, Sylvia | October 13, 2017 |
| 78.     Guillory, Timmy | May 24, 2017 |
| 79.     Gutierrez, Victoria | July 10, 2017 |
| 80.     Hammond, Randy | May 26, 2017 |
| 81.     Hargrave, Kathleen | June 15, 2017 |
| 82.     Haynes, Wesley | July 20, 2017 |
| 83.     Henley-Tollett, Sharon | June 2, 2017 |
| 84.     Herrington, Garrett | July 31, 2017 |
| 85.     Hill, Brionna | July 14, 2017 |
| 86.     Hill, Christine | July 10, 2017 |
| 87.     Hollins, Tracy | June 5, 2017 |
| 88.     Hollon, Lindsay | June 16, 2017 |
| 89.     Horridge III, Nelson | July 11, 2017 |
| 90.     Howard, Lamont | May 23, 2017 |
| 91.     Ippolito, Mark | June 27, 2017 |
| 92.     Jackson, Shawn | May 30, 2017 |
| 93.     Jackson, Taylor | March 13, 2014 |
| 94.     James Jr., Edward | May 30, 2017 |
| 95.     Jendrzejczyk, Mike | June 5, 2017 |
| 96.     Johnson, Tom | May 30, 2017 |
| 97.     Jones, Mary | June 2, 2017 |
| 98.     Kessler, Aaron | June 5, 2017 |
| 99.     Kidd, Robert | June 26, 2017 |
| 100.    Kingman, Joanie | May 30, 2017 |
| 101.    Kirkley, Matthew | June 8, 2017 |
| 102.    Knight, Dewita | July 18, 2017 |
| 103.    Knight, William | July 18, 2017 |
| 104.    Knipe, Stephen | June 5, 2017 |
| 105.    Korbakes, Vonda | June 1, 2017 |
| 106.    Kouzev, Ilia | July 12, 2017 |
| 107.    Krueger, Jody | June 9, 2017 |
| 108.    Lageman, Deborah | May 30, 2017 |
| 109.    Lindsay, Holly | June 8, 2017 |
| 110.    Lites, Kayla | June 27, 2017 |
| 111.    Long, Pamela | June 12, 2017 |

EXHIBIT A
To FLSA Settlement Agreement
Page 3 of 6

| Plaintiff | Date Notice of Consent Filed |
|---|---|
| 112. Lovelady, Melinda | May 30, 2017 |
| 113. Maner, Justin | July 6, 2017 |
| 114. Manriquez, Juan | May 31, 2017 |
| 115. Marple, Cathy | July 3, 2017 |
| 116. Masha, Adrianne | October 19, 2017 |
| 117. Mason, William | July 10, 2017 |
| 118. Mathiews, Taylor | June 30, 2017 |
| 119. Matias, Jasmine | July 11, 2017 |
| 120. Matthews, Shelby | July 31, 2017 |
| 121. Mayer, Debra | July 14, 2017 |
| 122. McBride, Mekayla | May 31, 2017 |
| 123. McCoy, Justin | July 14, 2017 |
| 124. McDaniel, Lori | June 5, 2017 |
| 125. McDaniel, Shayla | July 14, 2017 |
| 126. McIntyre, William | June 12, 2017 |
| 127. Means, Stacie | June 23, 2017 |
| 128. Miller, Cody | June 30, 2017 |
| 129. Mixon, Jennifer | June 27, 2017 |
| 130. Moore, Bruce | June 6, 2017 |
| 131. Moore, Melissa | July 10, 2017 |
| 132. Moran, Nicholas | July 3, 2017 |
| 133. Morris, Sharon | June 8, 2017 |
| 134. Morrison, Robert | May 24, 2017 |
| 135. Morton, Mckenzie | July 6, 2017 |
| 136. Myatt, Barry | June 14, 2017 |
| 137. Neal, Dylon | May 30, 2017 |
| 138. Neeley, Bonnie | July 10, 2017 |
| 139. Nespodzany, Paul | May 25, 2017 |
| 140. Nevarez-Guillen, Enrique | June 23, 2017 |
| 141. Olson, Lorraine | May 30, 2017 |
| 142. Olson, Megan | June 27, 2017 |
| 143. Orejel-White, Laura | May 23, 2017 |
| 144. Owens, Zachary | March 13, 2014 |
| 145. Parker, James | March 13, 2014 |
| 146. Parker, Shelia | June 30, 2017 |
| 147. Parsons, Jr. Richard | May 26, 2017 |
| 148. Partin, Geoffrey | May 26, 2017 |

EXHIBIT A
To FLSA Settlement Agreement
Page 4 of 6

| | *Plaintiff* | *Date Notice of Consent Filed* |
|---|---|---|
| 149. | Persico, Lawrence | May 26, 2017 |
| 150. | Picolo, J.P. | June 26, 2017 |
| 151. | Pinnock, Jerome | July 3, 2017 |
| 152. | Plaza, Rudy | June 12, 2017 |
| 153. | Putman, Thomas | May 26, 2017 |
| 154. | Reuland, Ginger | June 22, 2017 |
| 155. | Reynolds, Joseph | July 13, 2017 |
| 156. | Rieger, Deanna | June 2, 2017 |
| 157. | Robbins, Terrie | July 17, 2017 |
| 158. | Roberts, Kaci | June 29, 2017 |
| 159. | Robinson, Charles | June 30, 2017 |
| 160. | Robinson, Kelly | July 10, 2017 |
| 161. | Roliardi, John | May 26, 2017 |
| 162. | Rushing, Karleigh | May 30, 2017 |
| 163. | Saenz, Arnold | May 30, 2017 |
| 164. | Said, Elizabeth | June 13, 2017 |
| 165. | Salvato, Katie | June 1, 2017 |
| 166. | Sampson, Latisha | June 20, 2017 |
| 167. | Sanchez, Juan Carlos | July 13, 2017 |
| 168. | Sanchez, Samantha | May 25, 2017 |
| 169. | Schneider, Matthew | June 29, 2017 |
| 170. | Schugel, Eric | June 16, 2017 |
| 171. | Serna, Stacy | July 3, 2017 |
| 172. | Shofner, Sabrina | May 26, 2017 |
| 173. | Siegel, Steven | May 30, 2017 |
| 174. | Sifuentes, Amanda | October 13, 2017 |
| 175. | Silva, Alexis | June 30, 2017 |
| 176. | Simms, Darrell | July 12, 2017 |
| 177. | Sisson, Celena | June 27, 2017 |
| 178. | Snow, Monica | May 23, 2017 |
| 179. | Solis, Mario | June 28, 2017 |
| 180. | Stegall, Quinisha | June 29, 2017 |
| 181. | Stevens, Todd | June 7, 2017 |
| 182. | Stewart, Donna | June 7, 2017 |
| 183. | Strahan, Jeanita | June 30, 2017 |
| 184. | Strauss, Holly | July 10, 2017 |
| 185. | Swiney, Gail | June 1, 2017 |

| *Plaintiff* | *Date Notice of Consent Filed* |
|---|---|
| 186.   Tatum Jr., Tyron | June 9, 2017 |
| 187.   Teague, Amy | May 26, 2017 |
| 188.   Thomas, Jessica | June 15, 2017 |
| 189.   Tittle, William | July 17, 2017 |
| 190.   Tollett, James | June 2, 2017 |
| 191.   Turner, Andrew | May 30, 2017 |
| 192.   Villanueva, Jobie | July 6, 2017 |
| 193.   Vivion, Brittni | June 27, 2017 |
| 194.   Wagnon, W. Ben | June 8, 2017 |
| 195.   Waldrop, Tamara | July 10, 2017 |
| 196.   Walker, Whitney | May 31, 2017 |
| 197.   Ward, Zack | June 8, 2017 |
| 198.   Waters, Timothy | May 25, 2017 |
| 199.   Whalen, Emma | July 12, 2017 |
| 200.   Wilson, Marcus | July 10, 2017 |
| 201.   Wilson, Patricia | May 30, 2017 |
| 202.   Womack, Concetta | July 10, 2017 |
| 203.   Young, Gene | May 22, 2017 |
| 204.   Zavala, Lester | June 1, 2017 |

**Exhibit B – Limited Release for Service Payment Recipient**

I, _____ ("Plaintiff"), in exchange for receiving a Service Payment in this Settlement, hereby release and forever discharge Silverleaf Resorts, Inc., Cerberus Capital Management, L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., Orange Lake Holdings, LLP, and each of their parents, subsidiaries, divisions, affiliates, operating companies, management companies, predecessors and successors, and the respective current and former officers, directors, owners, shareholders, partners, members, employees, agents, representatives, insurers and affiliates of each of them (collectively, the "Released Parties" or "Silverleaf"), from any and all claims, complaints, charges, causes of action, liabilities, obligations, debts, contracts, lawsuits, proceedings, judgments, damages and attorneys' fees, whether known or unknown, which Plaintiff ever had, now has, or which Plaintiff or Plaintiff's heirs, executors, administrators, successors, representatives or assigns may have or claim to have against the Released Parties, due to any matter whatsoever relating to Plaintiff's employment, including claims relating to compensation, benefits, or termination of employment with any of the Released Parties (collectively, the "Released Claims"), including, but not limited to claims arising under any federal, state or local statute, law, regulation or ordinance, or common law, such as, without limitation, any claim that any of the Released Parties violated Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act of 2008, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Worker Adjustment and Retraining Notification Act, the Family and Medical Leave Act, the Occupational Safety and Health Act, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act, the Sarbanes-Oxley Act, the National Labor Relations Act, the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act; provided, however, that this release shall not cover any claims that cannot be released as a matter of law.


_____
Printed Name


_____
Signed Name