# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES PARKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-02075-B |
| v. | § | |
| | § | |
| SILVERLEAF RESORTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ILLINOIS RULE 23 CLASS SETTLEMENT AGREEMENT

1.      This Settlement Agreement ("Settlement") is entered into by Plaintiffs Christopher Dix and Aaron Kessler ("Illinois Plaintiffs"), on behalf of themselves and the Rule 23 "Illinois Settlement Class" (defined at Paragraph 11 herein) and Defendants Silverleaf Resorts, Inc., Cerberus Capital Management, L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., and Orange Lake Holdings, LLP (collectively, "Silverleaf"). The Illinois Plaintiffs and Silverleaf, collectively, are the Parties to this Settlement.

### A.      Factual Background and Recitals

2.      On November 30, 2017, two former Silverleaf salespersons in Illinois, Illinois Plaintiffs Christopher Dix and Aaron Kessler, sued in the United States District Court for the Northern District of Texas, Dallas Division, bringing claims under Illinois state law, in a lawsuit styled *Christopher Dix, et al. v. Silverleaf Resorts, Inc., et al.*, Case No. 3:17-cv-3249 (the "Dix Lawsuit"). The Dix Lawsuit brought claims for alleged violations of sections of the Illinois Wage Payment and Collection Act and the Illinois Minimum Wage Law requiring payment of overtime compensation (including for time worked past eight hours per day). The named plaintiffs in the Dix Lawsuit sought to represent an "opt-out" class under Rule 23 of the Federal Rules of Civil

Procedure on behalf of other persons employed in Illinois by Silverleaf and its affiliated entities doing business in Illinois, during a period beginning ten (10) years before the filing of the *Dix* Lawsuit (i.e., from November 30, 2007). The *Dix* plaintiffs sought to represent those non-exempt employees who held positions as sales employees or any similar title and who performed duties similar to those of the named plaintiffs.

3.      Consolidated Complaint. To facilitate settlement, on February 27, 2018, the Illinois Plaintiffs seek to add their Illinois law claims to the matter of *James Parker, et al. v. Silverleaf Resorts, Inc., et al.*, Cause No. 3:14-cv-2075, in the United States District Court for the Northern District of Texas, Dallas Division (the "*Parker* Lawsuit"), by means of filing a Consolidated Complaint (Docket # 403-1). The Illinois Plaintiffs brought claims on behalf of a proposed class, now referred to as the Illinois Settlement Class (defined at Paragraph 11 below), pursuant to Federal Rule of Civil Procedure 23. Those claims were originally asserted in the *Dix* Lawsuit, specifically claims under the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.* These claims under Illinois law described in the preceding two sentences are hereinafter referred to as the Illinois Claims.

4.      Silverleaf denies the allegations made by the Illinois Plaintiffs in the Consolidated Complaint.

5.      The Illinois Plaintiffs are represented by the following counsel: Lead Counsel, Rhonda H. Wills, Wills Law Firm, PLLC ("Class Counsel"); Kobby T. Warren, Warren Healy, PLLC, local counsel. The Illinois Plaintiffs will move the Court for an Order designating Rhonda H. Wills, Wills Law Firm, PLLC as Class Counsel, and Silverleaf will not object to such designation.

6.      <u>Class Counsel</u> has conducted a thorough investigation into the facts of the <u>Illinois Claims</u> and has diligently pursued an investigation of the claims of the <u>Illinois Settlement Class</u> against <u>Silverleaf</u>.  Based on their own independent investigation and evaluation, <u>Class Counsel</u> is of the opinion that the resolution of the <u>Illinois Claims</u> with <u>Silverleaf</u> for the consideration and on the terms set forth in this <u>Settlement</u> is fair, reasonable, and adequate and is in the best interest of the <u>Illinois Settlement Class</u> in light of all known facts and circumstances, including the risk of significant delay, the pending motion to dismiss asserted by all of the defendants but Cerberus Capital Management, L.P., and numerous potential appellate issues. The <u>Parties</u> further recognize that unless they settle their disputes, the issues presented are not likely to be resolved without extensive and costly pretrial proceedings and that further litigation will cause inconvenience, distraction, disruption, delay, and expense potentially disproportionate to the potential benefits of litigation. The <u>Parties</u> have taken into account the risk and uncertainty of the outcome inherent in any litigation. The <u>Parties</u> specifically agree that the amount of the settlement and the allocation of sums are fair and just.

7.      Counsel for the <u>Parties</u> have engaged in extensive arm's-length settlement negotiations, including telephonic settlement negotiations with noted wage and hour class action mediator, Nancy Huston, which ultimately resulted in this <u>Settlement</u> pursuant to a mediator's proposal on February 8, 2018.

8.      The <u>Parties</u> are represented by competent counsel and have had the opportunity to consult with counsel prior to the submission of this <u>Settlement</u> to the Court.

9.      Nothing in this <u>Settlement</u>, or the fact of the <u>Settlement</u> itself, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing of any kind on behalf of <u>Silverleaf</u> with respect to the asserted <u>Illinois Claims</u>. <u>Silverleaf</u> denies all the claims and

contentions alleged by the <u>Illinois Plaintiffs</u> on their own behalf and on behalf of the <u>Illinois Settlement Class</u>. Nonetheless, <u>Silverleaf</u> has concluded that further litigation would be protracted and expensive, and would also divert management and employee time. <u>Silverleaf</u> has taken into account the uncertainty and risks inherent in litigation, especially in multi-party cases. <u>Silverleaf</u>, therefore, has concluded that it is desirable that the claims of the <u>Illinois Plaintiffs</u> and the <u>Illinois Settlement Class</u> (described in paragraph 11 below) be fully and finally settled in the manner and upon the terms and conditions set forth in this <u>Settlement</u>.

## B. <u>Terms of Settlement</u>

10.    The <u>Parties</u> have agreed to fully, finally, and forever compromise and settle the <u>Illinois Claims</u> and those other claims as described in paragraphs 46 and 47, below.

11.    <u>Class Definitions and Certification</u>.

The <u>Parties</u> agree to request that the Court certify the following putative <u>Illinois Settlement Class</u> for the sole purpose of settlement of the <u>Illinois Claims</u>:

> All non-exempt persons who were employed by <u>Silverleaf</u> in the State of Illinois with the job title of sales employee or any similar title, at any time during the period of November 30, 2007 to February 8, 2018 (the "<u>Class Members</u>").

12.    This <u>Settlement</u> shall not constitute, in this or any other proceeding, an admission of any kind by <u>Silverleaf</u> that certification of a class for purposes other than this <u>Settlement</u> is appropriate. <u>Silverleaf</u> retains the right to oppose class certification on all grounds available to it in the event this <u>Settlement</u> does not receive final approval from the Court.

13.    <u>Gross Settlement Amount</u>. Orange Lake Country Club, Inc. and/or Orange Lake Holdings, LLP agrees to pay on behalf of <u>Silverleaf</u> a total of $250,000.00 (TWO HUNDRED FIFTY THOUSAND DOLLARS) (the "<u>Gross Settlement Amount</u>") for all payments of any kind under this <u>Settlement</u>, including the resolution of all claims of <u>Class Members</u>, for the <u>Claims</u>

Administrator's fees and costs and for Class Counsel's attorneys' fees, costs and expenses, for Service Payments, and for Class Members' portion of employee payroll taxes, (but not Silverleaf's share of payroll taxes). Under no circumstances shall Silverleaf be required to make any other payment of any kind in this Settlement in excess of the Gross Settlement Amount, including, but not limited to, any additional payment to any of the Class Members, the Claims Administrator, or Class Counsel, except as to Silverleaf's share of payroll taxes as set forth herein.

14.    Net Settlement Amount. The Net Settlement Amount shall be calculated by deducting from the Gross Settlement Amount the following sums: (1) for Class Counsel's and/or local counsel's attorneys' fees of up to $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), subject to Court approval; (2) for Class Counsel's costs and litigation expenses of up to $7,500.00, subject to Court approval; (3) for Service Payments in an amount not to exceed $5,000.00 (FIVE THOUSAND DOLLARS) to Christopher Dix, and in an amount not to exceed $5,000.00 (FIVE THOUSAND DOLLARS) to Aaron Kessler;  (4) a reserve fund of $10,000.00 (TEN THOUSAND DOLLARS) to resolve payment disputes; and (5) all reasonable fees and costs incurred by the Claims Administrator, in a sum not expected to exceed $15,000.00.

15.    If Class Counsel appeals a reduction by the Court in the amount of fees or costs and expenses sought, the Claims Administrator shall retain the amount in dispute and shall withhold it from distribution to the Class Members until any such appeal is withdrawn, with prejudice, or fully and finally determined.

16.    Unapproved Requests For Payments From The Gross Settlement Amount. If any of the amounts the Parties request be paid from the Gross Settlement Amount are reduced by the Court, the difference between the amount requested and the amount approved will be added to the Net Settlement Amount and shall not revert back to Silverleaf.

17.     Payment of Settlement. The amount of Individual Payments to each of the Illinois Plaintiffs and/or Class Member shall be calculated in the following manner:

a.     Service Payment, if any; and

b.     each Class Member's Pro Rata Payment. Each Pro Rata Payment is a share of the Net Settlement Amount, based on each Class Member's Points, and a minimum allotment of $50.00.

(1)     To determine each "Class Member's Points":

(a)     Determine the Class Member's average weekly compensation for the Class Period;

(b)     Multiply by the total number of workweeks worked in the Class Period;

(2)     To calculate each Class Member's Pro Rata Payment:

(a)     Add all Class Member's points together to obtain the "Total Denominator";

(b)     Divide the number of points for each Class Member by the Total Denominator to obtain each Class Member's percentage of the Net Settlement Amount.

(c)     Multiply the Class Member's percentage obtained in Paragraph 17(b)(2)(b), above against the Net Settlement Amount to determine Class Member's Pro Rata Payment.

(d)     For Class Members whose Pro Rata Payment calculated above is less than $50, revise their share upward to $50. Re-weight the remaining settlement funds pro-rata using the proportionate percentages calculated in steps (2)(a) and b), excluding members whose shares were already revised upward to $50, in order to calculate the revised Pro Rata Payment amounts for Class Members receiving more than $50.

c.     The Claims Administrator shall provide its calculations to Class Counsel and counsel for Silverleaf within three (3) business days after the expiration of the deadline set forth in Paragraph 31 herein. The calculations to be provided to Class Counsel shall not identify Class Members by name or other personal identifiers such as address or Social Security number, but

instead shall include a unique identifying number generated for this purpose.

d.  Class Counsel and counsel for Silverleaf shall have three (3) business days to review, verify, and comment on the calculations provided by the Claims Administrator. The Claims Administrator shall review any comments received from Class Counsel and/or counsel for Silverleaf and shall finalize the Individual Payment calculations within three (3) business days thereafter.

e.  The total of all Pro Rata Payments shall not exceed the Net Settlement Amount.

f.  Unclaimed Individual Payments shall be deposited with the unclaimed property or wage fund of the State where the Class Member resided when last employed by Silverleaf.

18.  Taxes. Class Member's Pro-Rata Payments will be allocated as follows: (i) wages (50%) (from which taxes will be withheld); and (ii) penalties and interest (50%).

19.  Class Members are responsible to pay appropriate taxes due on the Individual Payments they receive (except for Silverleaf's share of payroll, Social Security, and Medicare tax). Appropriate federal, state, and local withholding taxes will be taken out of the wage allocations, and each Class Member will receive an IRS Form W-2 with respect to this portion of the settlement payment. IRS Forms 1099 will be issued reflecting the payments for penalties and interest, and for Service Payments. No taxes will be withheld from service awards. All Individual Payments to Class Members shall be deemed to be paid solely in the year in which such payments are actually issued. Counsel do not purport this communication to constitute legal advice. To the extent that this Settlement, or any of its Exhibits, is interpreted to contain or constitute advice regarding any U.S. Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code.

20.  Full Compensation. Other than those payments set forth herein, the Individual Payments provided for in this Settlement are the sole payments to be made by Silverleaf to any

person or entity in consideration for the claims released in Paragraphs 46 and 47. No <u>Class Member</u> or <u>Service Recipient</u> will be entitled to any additional compensation or benefits as a result of receiving amounts under this <u>Settlement</u>. For example, receipt of <u>Individual Payments</u> will not entitle any <u>Class Member</u> or <u>Service Recipient</u> to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the <u>Class Period</u> covered by this <u>Settlement</u>. Payments under the <u>Settlement</u> will not entitle a <u>Class Member</u> to any increased retirement, 401(k) benefits or matching benefits, or other compensation benefits. This provision will apply notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this <u>Settlement</u>.

21. <u>Attorneys' Fees</u>. In consideration for settling this matter and in exchange for the releases of claims by the <u>Class Members</u> and <u>Service Payment</u> recipients, <u>Silverleaf</u> agrees not to oppose or object to a motion by <u>Class Counsel</u> for attorneys' fees not to exceed $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be paid from the <u>Gross Settlement Amount</u>. The attorneys' fees are to compensate <u>Class Counsel</u> for all the work already performed in this matter related to <u>Illinois Claims</u> as well as the <u>*Dix* Lawsuit</u> and all the work remaining to be performed in documenting the <u>Settlement</u>, securing Court approval of the <u>Settlement</u>, making sure the <u>Settlement</u> is fairly administered and implemented, and obtaining dismissal with prejudice of the <u>*Dix* Lawsuit</u>.

22. <u>Costs & Expenses</u>. <u>Silverleaf</u> agrees that it will not object to or oppose a motion by <u>Class Counsel</u> for reimbursement from the <u>Gross Settlement Amount</u> of past, present, and future costs and expenses they incur up to a maximum of $7,500.00.

23.    <u>Payment of Attorneys' Fees and Costs</u>. The attorneys' fees, costs, and expenses approved by the Court shall be paid to <u>Class Counsel</u> by the Claims Administrator within five (5) business days following the <u>Effective Date</u> of this <u>Settlement</u> as set forth in Paragraph 27. Payment for attorneys' fees, costs and expenses shall be made payable to: Wills Law Firm, PLLC (Tax Id. No. 45-5091782) at 1776 Yorktown, Suite 570, Houston, Texas, 77056. In no event shall <u>Silverleaf</u> be required to pay <u>Class Counsel</u> more than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) in fees or $7,500.00 in costs and litigation expenses. Any reduction in the amount of fees or costs by the Court will not result in a nullification of the <u>Settlement</u>. In the event that <u>Class Counsel</u> appeals any refusal by the Court to award fees and costs in the amounts requested, the <u>Effective Date</u> will not be delayed and payment to the <u>Class Members</u> will not be delayed. However, an amount equivalent to the difference between the fees and costs sought and the fees and costs awarded by the Court shall be withheld from distribution to the <u>Class Members</u> and, in the event of an unsuccessful appeal by <u>Class Counsel</u> related to an award of fees or costs, another distribution to the <u>Class Members</u> in the amount of the fees and/or costs not awarded to <u>Class Counsel</u> will be made. Any such additional distribution shall be allocated among <u>Class Members</u> on a *pro-rata* basis consistent with their percentage of the first distribution. All costs and fees associated with any such additional distribution by the Claims Administrator will be borne solely by <u>Class Counsel</u>.

24.    <u>Service Payments</u>. <u>Silverleaf</u> will not object to a request by <u>Class Counsel</u> for approval by the Court of Service Payments, from the <u>Gross Settlement Amount</u> of: up to $5,000.00 (FIVE THOUSAND DOLLARS) to Plaintiff Christopher Dix, and of up to $5,000.00 (FIVE THOUSAND DOLLARS) to Plaintiff Aaron Kessler, (collectively, hereinafter, the "<u>Service Recipients</u>"). The individual right of any person to receive a <u>Service Payment</u> is conditioned on

their execution of a release of all their employment claims in the form attached hereto as Exhibit A.

25.    The <u>Claims Administrator</u> will submit <u>Service Payments</u> approved by the Court to the <u>Service Recipients</u> on the same date <u>Class Counsel</u> is paid their attorneys' fees and costs, provided that <u>Silverleaf</u> is in receipt of a release of all employment claims, as set forth in Exhibit A hereto. The Claims Administrator will issue an IRS Form 1099 for the service payment to the <u>Service Recipients</u>. The <u>Service Recipients</u> will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes due on the amount received.

26.    <u>Claims Administrator</u>. The <u>Parties</u> agree to request that the Court designate Kurtzman Carson Consultants LLC as the Claims Administrator, to fulfill the obligations commonly associated with that role in wage and hour class actions and those responsibilities assigned to them in this <u>Settlement</u> or by Order of the Court. The <u>Parties</u> agree that, subject to Court approval, the reasonable costs of the Claims Administrator and notice and/or publication and all other reasonable costs associated with the administration of this <u>Settlement</u> shall be paid from the <u>Gross Settlement Amount</u>.

### C.    <u>Settlement Procedure</u>

27.    <u>Effective Date</u>. The <u>Settlement</u> shall become effective when, and is conditioned upon, all of the following events having occurred: (i) this <u>Settlement</u> has been executed by Christopher Dix, Aaron Kessler, and <u>Silverleaf</u>; (ii) the Court has given preliminary approval of this <u>Settlement</u>; (iii) the Notice has been given to the members of the <u>Illinois Settlement Class</u> as provided in this <u>Settlement</u>; (iv) the Court has entered a final order approving this <u>Settlement</u>; and (v) the United States District Court for the Northern District of Texas has dismissed the *Dix* Lawsuit, with prejudice, and the *Parker* Lawsuit, with prejudice. <u>Silverleaf</u> will post the <u>Gross</u>

Settlement Amount with the Claims Administrator within five (5) business days after the Effective Date.

28.    <u>Preliminary Approval of the Settlement</u>. The <u>Parties</u> shall submit this executed <u>Settlement</u> to the Court, along with the <u>Parties'</u> Joint Motion for Preliminary Approval of Rule 23 Class Settlement, for a determination by the Court as to its fairness, adequacy, and reasonableness no later than March 9, 2018 or some other date ordered by the Court. Moreover, the <u>Parties</u> shall apply to the Court for the entry of an order substantially in the following form:

a.    Scheduling a final approval hearing on the question of whether the proposed <u>Settlement</u>, including payment of attorneys' fees and costs, and the payments to the <u>Service Recipients</u>, should be finally approved as fair, reasonable and adequate as to the <u>Class Members</u>;

b.    Approving the proposed Notice as to form and content;

c.    Establishing the procedures and the deadline by which members of the <u>Illinois Settlement Class</u> may request exclusion;

d.    Establishing the procedures and the deadline by which <u>Class Members</u> may assert objections to the <u>Settlement</u>;

e.    Directing the mailing of the Notice by first class mail to the <u>Illinois Settlement Class</u>;

f.    Preliminarily approving the <u>Settlement</u> as described herein subject only to the objections, if any, of <u>Class Members</u> and final review by the Court;

g.    Preliminarily approving costs of administration payable to the Claims Administrator;

h.    Appointing Kurtzman Carson Consultants LLC as Claims Administrator;

    i.      Approving Christopher Dix and Aaron Kessler as the Class Representatives for the Illinois Settlement Class; and

    j.      Approving Rhonda H. Wills, Wills Law Firm PLLC (Lead Counsel) as Class Counsel for the Illinois Settlement Class.

### D.    Claims Administration

29.    Within five (5) business days of the execution of this Settlement by all Parties, Silverleaf will provide the following information to the Claims Administrator for each member of the Illinois Settlement Class: the member's name, last known address, Social Security number, and data to determine the amount of the Individual Payments, including the Illinois Settlement Class member's average weekly compensation and number of weeks worked during the Class Period in a non-exempt sales position.

30.    No more than five (5) business days following preliminary approval of the Settlement and the proposed Notice described in Paragraph 31 below, the Claims Administrator shall send the Notice to the Illinois Settlement Class by first class mail.

31.    Notice and Deadlines for Return of Requests For Exclusion, and Objections to the Proposed Settlement. The Notice will advise recipients that Requests For Exclusion from the Illinois Settlement Class and Objections to the proposed Settlement must be mailed by first class United States Mail to the Claims Administrator no later than 45 calendar days after the date the Notice was first mailed ("the Deadline") in order to be timely. The date of the postmark on the return envelope shall be the means used to determine whether Illinois Settlement Class members have timely returned a Request For Exclusion or Objections to the proposed Settlement. Requests

For Exclusion and Objections postmarked after the Deadline will be disregarded. In the event that the postmark is illegible, the Request For Exclusion or Objection shall be deemed timely so long as it is received within five (5) business days after the Deadline.

32.     Returned Notices. Where a Notice is returned with a forwarding address the Claims Administrator shall promptly forward the original Notice to the updated address via first class regular U.S. Mail indicating on the original Notice the date of such re-mailing. Where a Notice is returned as undeliverable, without a forwarding address, the Claims Administrator will perform a computer/SSN and "skip trace" search to obtain an updated address. The Parties agree to cooperate with the Claims Administrator to locate a more recent address for Illinois Settlement Class members, where necessary. Any Notice that is re-mailed to any Illinois Settlement Class member due to a bad address or for forwarding shall be identical to the original Notice and no extension to the original deadlines shall be permitted.

33.     Requests For Exclusion from the Illinois Settlement Class. The Notice shall inform members of the Illinois Settlement Class that they may exclude themselves from the Illinois Settlement Class by submitting a Request for Exclusion. Any such Request for Exclusion must be made in accordance with the terms set forth in the Notice and will be deemed timely only if postmarked on or before the Deadlines described in Paragraph 31, above. Requests for Exclusion must be signed and dated by the Illinois Settlement Class member and must contain the Illinois Settlement Class member's full name, all other names used during employment with Silverleaf, date of birth, the last four digits of the Social Security number, and the telephone number of the person requesting exclusion. Any member of the Illinois Settlement Class who submits a timely and valid Request For Exclusion will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object to, appeal from, or comment on the

<u>Settlement</u>. <u>Illinois Settlement Class</u> members who do not submit a valid and timely Request for Exclusion will become members of the <u>Illinois Settlement Class</u>, as appropriate, and shall be bound by all the terms of the <u>Settlement</u> and any final order in the <u>*Dix* Lawsuit</u>. Upon request, the Claims Administrator shall provide <u>Class Counsel</u> and counsel for <u>Silverleaf</u> with a complete list of all <u>Illinois Settlement Class</u> members who have timely requested exclusion from the <u>*Dix* Lawsuit</u>, along with the names (and <u>Individual Payments</u>, if calculated).

34.    <u>Right to Rescind</u>. If 10% or more of the <u>Illinois Settlement Class</u> members timely and properly submit Requests for Exclusions, <u>Silverleaf</u> may, at its election, rescind the <u>Settlement</u> and all actions taken in furtherance of it will be thereby null and void. <u>Silverleaf</u> must exercise this right of rescission, in writing, to <u>Class Counsel</u>, within three (3) business days after the Claims Administrator complies with its obligations under Paragraph 39 herein. If the option to rescind is exercised, <u>Silverleaf</u> shall be solely responsible for all costs of the Claims Administrator accrued to that point, and thereafter.

35.    <u>Class Member Disputes</u>. If a <u>Class Member</u> disputes the employment dates listed in the Notice the member may produce evidence to the Claims Administrator indicating the dates contended to have been worked in a non-exempt sales position. <u>Silverleaf's</u> records will be presumed determinative, absent evidence to rebut <u>Silverleaf's</u> records, but the Claims Administrator will evaluate the evidence submitted by the member and provide the evidence submitted to the <u>Parties</u> who agree to meet and confer about the evidence to determine the <u>Class Member's</u> <u>Pro-Rata Payment</u>. If the <u>Parties</u> are unable to agree, the <u>Parties</u> agree to submit the dispute to the Court to render a decision at the time of the Final Approval Hearing

36.    For any claims challenged by any Party or <u>Class Member</u>, the Claims Administrator shall report to the <u>Parties</u>, in summary or narrative form, the substance of its findings. <u>Silverleaf</u>

shall provide the Claims Administrator with <u>Silverleaf's</u> records in order to perform its duties as necessary.

37.    <u>Objections</u>. Any <u>Class Member</u> may object to the proposed <u>Settlement</u> of the <u>Illinois Claims</u>, or any portion thereof, by mailing a written objection, and supporting papers, if any, to the Claims Administrator, to <u>Class Counsel</u>, and to <u>Silverleaf's</u> counsel, all by first class mail and to the addresses set forth in the Notice. To be timely, all objections must be postmarked no later than the applicable Deadline set out in Paragraph 31. A written objection must state the objecting person's full name, current address, phone number and last four digits of his or her Social Security number and include all objections and the reasons therefore, and include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations). A <u>Class Member</u> who desires to object but who fails to comply with the objection procedure set forth herein shall be deemed not to have objected. The Claims Administrator shall send all objections by .pdf to counsel for <u>Silverleaf</u> and <u>Class Counsel</u> within 24 hours of receipt. <u>Class Counsel</u> will, within two (2) business days of receipt of an objection from the Claims Administrator or an objecting <u>Class Member</u>, submit such objections to the Court. <u>Class Members</u> may appear at the Final Approval Hearing and present objection to the Court, but only if their written objection gives notice of their intention to do so. Any <u>Class Member</u> who files an objection will be entitled to receive his or her <u>Pro Rata Payment</u> and is bound by the Court's Orders regarding the <u>Settlement</u> unless he or she files a timely appeal. <u>Silverleaf</u> shall not be responsible for any fees, costs, or expenses incurred by any <u>Class Member</u> and/or his or her counsel related to any objections to the <u>Settlement</u> and/or appeals arising therefrom.

38.    All <u>Class Members</u> who do not submit a timely and valid Request for Exclusion, shall be deemed to be within the <u>Illinois Settlement Class</u>, as appropriate, for all purposes under

this <u>Settlement</u>, and shall be bound by the terms and conditions of this <u>Settlement</u>, and all orders issued pursuant thereto, and shall be deemed to have waived all unstated objections and opposition to the fairness, reasonableness, and adequacy of this <u>Settlement</u>.

### E.    <u>Final Approval</u>

39.    No later than five (5) business days after the expiration of the Deadlines set out for filing of Requests For Exclusion and Objections, <u>Class Counsel</u> shall provide to the Court a declaration by the Claims Administrator of due diligence and proof of mailing of the Notice. The Claims Administrator will certify jointly to <u>Class Counsel</u> and <u>Silverleaf's</u> counsel which Requests For Exclusion are timely and valid. Upon completion of these steps by the Claims Administrator, <u>Silverleaf</u> shall be deemed to have satisfied its obligation to provide the Notice to the <u>Illinois Settlement Class</u>.

40.    Prior to the final approval hearing, <u>Class Counsel</u> and counsel for <u>Silverleaf</u> will prepare and submit to the Court a proposed final order and dismissal of the <u>Illinois Claims</u>:

    a.    Approving the <u>Settlement</u>, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

    b.    Approving an award of attorneys' fees and reimbursement of costs and expenses to <u>Class Counsel</u>;

    c.    Approving the Claims Administrator's fees;

    d.    Approving <u>Service Payments</u> to the <u>Service Recipients</u>; and

    e.    Dismissing the <u>Illinois Claims</u> on the merits and with prejudice and permanently barring and enjoining all members of the <u>Illinois Settlement Class</u> from prosecuting against the <u>Parties</u> released in this <u>Settlement</u> any

individual or class or collective claims released pursuant this <u>Settlement</u>, upon satisfaction of all payments and obligations in this <u>Settlement</u>.

f.    Reserving continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of this <u>Settlement</u>, over the enforcement, construction and interpretation of the Dismissal, including, but not limited to, the provisions therein enjoining any further litigation of <u>Released Claims</u> as provided below, and over <u>Plaintiffs</u> and all <u>Class Members</u> (and their attorneys) in connection therewith.

41.    If the Court does not grant final approval of the <u>Settlement</u>, or if the Court's final approval of the <u>Settlement</u> is reversed or materially modified on appeal, then this <u>Settlement</u> will become null and void and of no further force and effect, and all negotiations, proceedings, and statements relating thereto shall be without prejudice as to the rights of any and all <u>Parties</u> and their respective predecessors and successors, and such <u>Parties</u> shall be deemed to have reverted to their respective positions in this action as of the date and time immediately prior to the execution of this <u>Settlement</u>, and except as otherwise expressly provided, the effect shall be the same as if the <u>Settlement</u> was terminated pursuant to the following paragraph.

42.    In the event that (a) the Court declines to enter the Preliminary Approval Order or to enter the Dismissal or any part thereof as provided for herein; or (b) any material conditions to the <u>Settlement</u> are not satisfied; or (c) the Court disapproves this <u>Settlement</u> in its entirety, or any material term contained in this <u>Settlement</u>, including any amendments thereto, and such disapproval becomes final by reason of its affirmance on appeal or lapse of time or otherwise; or (d) the Court approves this <u>Settlement</u>, including any amendments hereto, but any such Dismissal and approval is finally reversed on appeal, then, in any such event, this <u>Settlement</u> shall be void

and the Preliminary Approval Order and the Final Approval Order and Dismissal or Judgment shall be vacated upon application to the Court. In such event, (a) this Settlement shall be terminated and become void and of no effect; (b) any actions taken or to be taken in connection with this Settlement and the settlement terms shall become null and void and of no effect; (c) this Settlement and the settlement terms and any hearings or proceedings thereunder shall not be referred to or used as evidence for or against any Party or Class Member in this or any other action or proceeding; and (d) all proceedings, including discovery, shall resume ten (10) days thereafter as if this Settlement had not been proposed for approval of the Court; and (e) the Dix Lawsuit may be reinstated as if never dismissed and/or re-filed without any prejudice to Illinois Plaintiffs, Class Members, and the plaintiffs in the Dix Lawsuit whatsoever, including that such period between the date of this Settlement and the date of any such resumption or reinstatement shall have no effect on any applicable limitations period, i.e., the date of filing or reinstatement of the newly filed or reinstated case will relate back to the date of original filing of the Dix Lawsuit. In the event that this Settlement is not finally approved, or the Settlement is otherwise terminated or rendered null and void, or the Settlement is not fully funded, the certification of the Illinois Settlement Class for settlement purposes shall be automatically vacated and the dismissal with prejudice of the Dix Lawsuit, if any, shall become null and void by agreement. In such circumstances, Silverleaf reserves all rights to challenge certification of a class for all purposes in the Dix Lawsuit on all available grounds as if no class had been certified. If the Court issues a Final Approval Order, this Settlement shall operate as a full, complete, and final release of all the Released Claims (defined herein) of the Illinois Plaintiffs and the Class Members upon Silverleaf's performance of the conditions set forth herein.

43.    Upon receipt of the settlement funds from Silverleaf, the Claims Administrator will issue settlement checks to the Class Members and Service Recipients, and will withhold taxes, in accordance with this Settlement. All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

44.    Payments to Class Members and Service Recipients will be mailed by the Claims Administrator within seven (7) business days after the Effective Date. Settlement checks shall remain valid and negotiable for one hundred and eighty (180) days from the date of their issuance and will automatically be cancelled by Silverleaf or the Claims Administrator if not cashed by the Class Members within that time. Checks for Individual Payments which have expired will not be reissued, and the funds will be disbursed in accordance with Paragraph 17 of this Settlement. Proof of payment will be filed with the Court and provided to Class Counsel and Silverleaf's counsel.

45.    Reserve. A reserve of $10,000.00 (TEN THOUSAND DOLLARS) ("Reserve Fund") shall be maintained by the Claims Administrator in the event of a dispute by a Class Member regarding the amount of his or her payment for a period of 120 days following the Effective Date. The application of the reserve shall require the good faith negotiation and agreement of the Class Counsel and Silverleaf. At the end of the 120-day period, the Claims Administrator shall distribute the unused portion of the Reserve Fund to all Class Members using the same pro rata formula set forth in Paragraph 17.

### F.    Release by the Class

46.    The Settlement shall effect a complete settlement and release and shall extinguish waive, fully release, and forever discharge the Released Parties as to each Class Member (as

defined in Paragraph 11 above) as to all claims arising from this action, from any and all claims, debts, liabilities, demands, obligations, damages, action, or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the <u>Released Parties</u> in this or the <u>*Dix* Lawsuit</u> pertaining to or arising from violations of any federal, state, or local wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act; claims under the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et seq.*; and claims under the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq..* The claims enumerated in this paragraph shall be referred to as the "<u>Released Claims</u>." Nothing in this <u>Settlement</u> shall be construed to waive any right that is not subject to waiver by private agreement.

47.    The <u>Released Parties</u> include: (a) all of <u>Silverleaf's</u> present and former parent companies, subsidiaries, related or affiliated companies; (b) all of <u>Silverleaf's</u> present and former divisions; (c) all of the present and former shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) any individual or entity which could be jointly liable with <u>Silverleaf</u>.

### G.     Miscellaneous Provisions

48.    The signatories hereto represent that they are fully authorized to enter into this <u>Settlement</u> and to bind the <u>Parties</u> to its terms and conditions.

49.    The <u>Parties</u> agree to fully cooperate with each other to accomplish the terms of this <u>Settlement</u>, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this <u>Settlement</u>. The <u>Parties</u> to this <u>Settlement</u> shall use their best efforts, including all efforts contemplated by this <u>Settlement</u> and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this <u>Settlement</u> and the terms set forth herein. As soon as practicable after execution of this <u>Settlement</u>,

<u>Class Counsel</u> shall, with the assistance and cooperation of <u>Silverleaf</u> and its counsel, take all necessary steps to secure the Court's approval of this <u>Settlement</u>.

50.     The <u>Parties</u> represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein or except in connection with hiring their attorneys.

51.     Nothing contained herein, nor the consummation of this <u>Settlement</u>, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of <u>Silverleaf</u>. All <u>Parties</u> hereto have entered into this <u>Settlement</u> solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

52.     In the event that <u>Silverleaf</u> or <u>Illinois Plaintiffs</u>, the signatories to this <u>Settlement</u>, institute a legal action or other proceeding against any other Party or <u>Parties</u> to enforce the provisions of this <u>Settlement</u> or to declare rights and/or obligations under this <u>Settlement</u>, the successful party or parties may be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs at the Court's discretion, including expert witness fees incurred in connection with any enforcement actions.

53.     This <u>Settlement</u> and Exhibit A appended to it contain the entire agreement between the <u>Parties</u> relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

54.    This <u>Settlement</u> may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one <u>Settlement</u>, which shall be binding upon and effective as to all <u>Parties</u>.

Dated: _____, 2018.          CLASS REPRESENTATIVES


By: _____
Christopher Dix

By: _____
Aaron Kessler



Dated: _____, 2018.          DEFENDANT SILVERLEAF RESORTS, INC.

By: _____


DEFENDANT CERBERUS CAPITAL MANAGEMENT L.P.

By: _____


DEFENDANT SL RESORT HOLDINGS INC.

By: _____


DEFENDANT ORANGE LAKE COUNTRY CLUB, INC.

By: _____


DEFENDANT ORANGE LAKE HOLDINGS, LLP

By: _____

Dated: 3/9/2018
_____, 2018.                CLASS REPRESENTATIVES

                                        By: _____
                                            Christopher Dix

                                        By: _____
                                            Aaron Kessler


Dated: _____, 2018.           DEFENDANT SILVERLEAF RESORTS,
                                        INC.

                                        By: _____


                                        DEFENDANT CERBERUS CAPITAL
                                        MANAGEMENT L.P.

                                        By: _____


                                        DEFENDANT SL RESORT HOLDINGS
                                        INC.

                                        By: _____


                                        DEFENDANT ORANGE LAKE
                                        COUNTRY CLUB, INC.

                                        By: _____


                                        DEFENDANT ORANGE LAKE
                                        HOLDINGS, LLP

                                        By: _____

Dated: _____, 2018.

CLASS REPRESENTATIVES

By: _____
    Christopher Dix

By: _____
    Aaron Kessler

Dated: March 9 , 2018.

DEFENDANT SILVERLEAF RESORTS, INC.

By: _____

DEFENDANT CERBERUS CAPITAL MANAGEMENT L.P.

By: _____

DEFENDANT SL RESORT HOLDINGS INC.

By: _____

DEFENDANT ORANGE LAKE COUNTRY CLUB, INC.

By: _____

DEFENDANT ORANGE LAKE HOLDINGS, LLP

By: _____

Dated: _____, 2018.          CLASS REPRESENTATIVES

                                          By:    _____
                                                 Christopher Dix

                                          By:    _____
                                                 Aaron Kessler


Dated: *March 9*, 2018.                   DEFENDANT SILVERLEAF RESORTS,
                                          INC.

                                          By:    _____


                                          DEFENDANT CERBERUS CAPITAL
                                          MANAGEMENT L.P.

                                          By:    *Cnula Peuso*_____


                                          DEFENDANT SL RESORT HOLDINGS
                                          INC.

                                          By:    _____


                                          DEFENDANT ORANGE LAKE
                                          COUNTRY CLUB, INC.

                                          By:    _____


                                          DEFENDANT ORANGE LAKE
                                          HOLDINGS, LLP

                                          By:    _____

**Exhibit A – Limited Release for Service Payment Recipient**

I, _____ ("Plaintiff"), in exchange for receiving a Service Payment in this Settlement, hereby release and forever discharge Silverleaf Resorts, Inc., Cerberus Capital Management, L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., Orange Lake Holdings, LLP, and each of their parents, subsidiaries, divisions, affiliates, operating companies, management companies, predecessors and successors, and the respective current and former officers, directors, owners, shareholders, partners, members, employees, agents, representatives, insurers and affiliates of each of them (collectively, the "Released Parties" or "Silverleaf"), from any and all claims, complaints, charges, causes of action, liabilities, obligations, debts, contracts, lawsuits, proceedings, judgments, damages and attorneys' fees, whether known or unknown, which Plaintiff ever had, now has, or which Plaintiff or Plaintiff's heirs, executors, administrators, successors, representatives or assigns may have or claim to have against the Released Parties, due to any matter whatsoever relating to Plaintiff's employment, including claims relating to compensation, benefits, or termination of employment with any of the Released Parties (collectively, the "Released Claims"), including, but not limited to claims arising under any federal, state or local statute, law, regulation or ordinance, or common law, such as, without limitation, any claim that any of the Released Parties violated Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act of 2008, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Worker Adjustment and Retraining Notification Act, the Family and Medical Leave Act, the Occupational Safety and Health Act, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act, the Sarbanes-Oxley Act, the National Labor Relations Act, the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act; provided, however, that this release shall not cover any claims that cannot be released as a matter of law.


_____
Printed Name


_____
Signed Name

**United States District Court for the Northern District of Texas
Dallas Division**
*Parker, et al. v. Silverleaf Resorts, Inc., et al.*
Case No. 3:14-CV-02075-B

## <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

### *PLEASE READ THIS NOTICE CAREFULLY*

*A court authorized this notice.  This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
***However, your legal rights are affected whether you act or not.***

# I.
## WHO IS AFFECTED?

If you were employed by Silverleaf Resorts, Inc., Cerberus Capital Management, L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., or Orange Lake Holdings, LLP (collectively, "<u>Silverleaf</u>") in the State of Illinois as a non-exempt sales employee at any time during the period of November 30, 2007 to February 8, 2018 (the "Illinois Class Period"), YOU HAVE THE RIGHT to participate in the Settlement of a class action lawsuit and to receive your share of the Settlement proceeds.

# II.
## THE CLASS APPROVED BY THE COURT
## FOR PURPOSES OF THE SETTLEMENT

The Court has approved the following class for purposes of the Settlement ("<u>Illinois Settlement Class</u>")

> All non-exempt persons who were employed by <u>Silverleaf</u> in the State of Illinois with the job title of sales employee or any similar title, at any time during the period of November 30, 2007 through February 8, 2018.

# III.
## WHAT IS THE PURPOSE OF THIS NOTICE?

The purpose of this Notice is to let you know that:

(1)     Silverleaf's records show that you worked for Silverleaf in Illinois as a non-exempt sales employee for one or more weeks during the time period of November 30, 2007 to February 8, 2018, which makes you a member of the Illinois Settlement Class affected by the proposed Settlement.

*Questions?  Call Toll Free* <mark>_____</mark>

1

(2)    There is a proposed Settlement of a class action lawsuit entitled *James Parker, et al., Plaintiffs v. Silverleaf Resorts, Inc., et al., Defendants*, in the United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:14-CV-02075-B (the "*Parker* Lawsuit"). The *Parker* Lawsuit includes claims under federal wage and hour laws. Some people receiving this Notice are already plaintiffs in the *Parker* Lawsuit.

(3)    Illinois state law claims, including claims of Illinois employees that are pending before the United States District Court for the Northern District of Texas in a lawsuit entitled *Christopher Dix, et al., v. Silverleaf Resorts, Inc., et al.*, Case No. 3:17-CV-03249-B (the "*Dix* Lawsuit"), have been added to the *Parker* Lawsuit to allow a comprehensive settlement of the existing federal claims and the Illinois state law claims in the *Dix* Lawsuit. The claims in the *Dix* Lawsuit are referred to as the "Illinois Claims."

(4)    This Notice applies to the Illinois Claims only. If you joined the *Parker* Lawsuit as a plaintiff, or an "opt-in" plaintiff, your claims will be affected by the proposed Settlement, but this Notice does not apply to your federal claims. (If you have questions about your federal claims, you should contact Plaintiffs' counsel, Rhonda Wills. Her contact information is provided below.)

(5)    You have the right to opt-out of the Illinois Settlement Class by sending a "Request for Exclusion" according to the instructions in this Notice. If you opt-out of this Illinois Class Action Settlement you will not receive a payment under the Settlement for the Illinois Claims and will not be bound by any rulings of the Court as to the Illinois Claims. You will retain your right to pursue any Illinois Claims you may believe you have in a separate lawsuit, with an attorney of your own choosing, and at your own expense.

(6)    If you do not opt-out of this Illinois Class Action Settlement, you will receive your proportional share of the proposed Settlement. You do not need to do anything to receive your share of the Settlement. If you simply do nothing, you will receive your share of the Settlement.

(7)    If you do not opt-out of the Illinois Settlement Class, you have the right to file an Objection to any term of the proposed Settlement of the Illinois Claims and to appear in the Court at the Final Fairness Hearing to present your Objections in person or through an attorney of your own choosing and at your own expense.

## IV.
## WHAT ARE THE ILLINOIS CLAIMS?

The Illinois Claims include claims that Silverleaf did not provide proper overtime compensation, did not provide guaranteed minimum wages, did not provide proper itemized wage statements, did not pay all monies owed at the time of separation from employment and owes back wages, statutory penalties, interest, and attorneys' fees. A Consolidated Complaint was submitted in the *Parker* Lawsuit to bring these Illinois Claims together with the federal claims in the *Parker* Lawsuit for purposes of the proposed Settlement.

Plaintiffs believe the Illinois Claims have merit, that they are appropriate for class action treatment and that Silverleaf owes monies to the members of the Illinois Settlement Class.

*Questions? Call Toll Free* ⬚⬚⬚⬚⬚⬚⬚⬚⬚

Silverleaf denies that the Illinois Claims have merit, denies that Illinois Settlement Class members are entitled to compensation of any kind, and contends that, for any purpose other than the proposed Settlement, the Illinois Claims are not appropriate for class action treatment.

## V.
## WHO ARE THE ILLINOIS PLAINTIFFS?

Christopher Dix and Aaron Kessler (the "Illinois Plaintiffs") were employed by Silverleaf affiliated companies as non-exempt sales employees in Illinois at various times during the period November 30, 2007 to February 8, 2018 (the "Class Period"). They are also Plaintiffs in the *Dix* Lawsuit. The Illinois Plaintiffs bring the Illinois Claims on behalf of themselves and all other similarly situated persons employed by Silverleaf, including Silverleaf Resorts, Inc., Cerberus Capital Management, L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., and Orange Lake Holdings, LLP, in Illinois as non-exempt sales employees at any time during the Class Period.

## VI.
## WHAT IS THE STATUS OF THE *PARKER* LAWSUIT
## AND THE *DIX* LAWSUIT?

The Illinois Claims brought by the Plaintiffs against Silverleaf have been added to the *Parker* Lawsuit pending in the United States District Court for the Northern District of Texas for the purposes of this proposed Settlement. Silverleaf and the Plaintiffs have negotiated a proposed settlement of the claims that were brought in both the *Parker* and the *Dix* Lawsuits (the proposed "Settlement"), but have now been consolidated, in order to resolve all disputes and claims in both lawsuits. The proposed Settlement was preliminarily approved by the United States District Court for the Northern District of Texas, Dallas Division (the "Court") on [DATE]. On that date, the Court certified the Illinois Settlement Class, for settlement purposes only. The Illinois Settlement Class is composed of the people described in Section II of this Notice. The Court directed that this Notice be mailed to all members of the Illinois Settlement Class to advise them of their rights.

This Notice is not an expression by the Court of an opinion about the merits of any claim or defense or the truth of any of the allegations made by the Parties.

## VII.
## WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

The following is a summary of the terms of the proposed Settlement. The specific and complete terms of the proposed Settlement are stated in the Settlement Agreement, a copy of which is on file with the Clerk of the Court.

### A.    How Much Money Will Silverleaf Pay?

If the Court gives final approval to the proposed Settlement, Silverleaf will pay a total of Two Hundred Fifty Thousand Dollars and NO/100 ($250,000.00) (the "Gross Settlement Amount") for all payments of any kind for resolution of the claims of the Illinois Class. The Gross Settlement Amount covers payments to resolve the Illinois Claims, and the associated attorneys'

*Questions?  Call Toll Free* _____

fees and costs of the attorneys representing the Plaintiffs and the Illinois Settlement Class, the fees of the Claims Administrator, and Service Payments to Illinois Plaintiffs Dix and Kessler.  No part of the Gross Settlement Amount will revert back to Silverleaf.  The amounts for each of these items is described in detail below.

### B.    How Is The Gross Settlement Amount Distributed?

#### 1.    Allocation To Class Counsel For Fees And Costs Of The Litigation

Under the proposed Settlement, Class Counsel will ask the Court to approve payments from the Gross Settlement Amount of (1) up to $100,000.00 for their attorneys' fees associated with the Illinois claims, and (2) up to $7,500.00 for Class Counsel's costs and litigation expenses associated with the Illinois Claims. Class Counsel's motion supporting their request for an award of fees and costs is available for review through the office of the Clerk of the Court.

#### 2.    Allocation For Service Payments

The proposed Settlement asks the Court to approve Service Payments to individuals who assisted Class Counsel in pursuing the Lawsuits.  The amounts include:  $5,000.00 each to Illinois Plaintiffs Christopher Dix and Aaron Kessler.

#### 3.    Allocation For Fees Of The Claims Administrator

The proposed Settlement asks the Court to approve payment in the amount of approximately $15,000.00 to Kurtzman Carson Consultants, LLC, for services in sending this Notice, checking addresses and resending returned Notices, calculating amounts owed to  members of the Illinois Settlement Class, preparing and mailing settlement checks and making required reports to the Court and to Class Counsel and Silverleaf's counsel.

#### 4.    What Happens If The Court Does Not Approve These Payments?

The Parties do not seek, and the Court will not approve, amounts larger than those described in paragraphs 1 through 3, above.  If the Court approves a lower amount than the requested amounts, the difference will become part of the Net Settlement Amount, to be distributed to the Class Members.

### C.    What Is The "Net Settlement Amount"?

The Net Settlement Amount (the "NSA") is the amount left after the payments in paragraphs 1 through 3 are deducted from the Gross Settlement Amount.  If the amounts requested in the proposed settlement are approved by the Court, the Net Settlement Amount will be approximately $117,500.00.

*Questions?  Call Toll Free* ▮▮▮▮▮▮▮▮

# VIII.
## HOW MUCH WILL I RECEIVE
## IF THE COURT APPROVES THE SETTLEMENT?

The Parties have agreed on a formula to determine how much each Class Member participating in the Settlement will receive. The complete formula is set out in the Settlement Agreement and is on file with the Clerk of the Court. The following information is a summary of the formula and describes the key factors used to determine how the money in the NSA is allocated.

### A.    What Are The Factors Used In The Formula?

The main factors used to determine the amount received by each member of the Illinois Settlement Class are:

- your average weekly compensation as a non-exempt sales employee during the Class Period;

- the number of weeks you worked as a non-exempt sales employee in the Class Period;

- 

### B.    Is There a Minimum?

Yes, every Class Member participating in the settlement will receive a minimum of $50.

### C.    What Is The Estimated Amount I Will Receive If the Settlement Is Approved?

How much any one person receives depends on how many members of the Illinois Settlement Class request to be excluded from the Lawsuit. The information below has been prepared by the Claims Administrator, Kurtzman Carson Consultants, LLC, to provide you with an estimate of how much money you would receive under the formula for distribution of the Net Settlement Amount if no one files a Request For Exclusion.

The calculations made by the Claims Administrator were based on information about your compensation and number of weeks worked in the Class Period(s) as a non-exempt sales employee as provided by Silverleaf and based on their records. Those records show that you worked for Silverleaf for [NUMBER] weeks as a non-exempt sales employee during the Class Period and your average compensation during those weeks was [DOLLARS]. Based on that information, it is estimated that you would receive at least DOLLARS if the Court grants final approval to the proposed Settlement.

**If you believe that the number of weeks you worked as a non-exempt sales employee in the Class Period or your average compensation as shown above are not accurate, you should contact the Claims Administrator immediately.**

### D.    How Is The Settlement Money Treated For Tax Purposes?

In general, half of Class Members' share of the NSA is treated as taxable wages and the remainder will be characterized as either penalties and interest or liquidated damages. You will receive a

*Questions?  Call Toll Free* _____

5

check for the wage portion of your Settlement amount, from which taxes will be withheld.  You will receive an IRS Form W-2 for the wage portion of the Settlement.  You will receive a second check for the other components of your Settlement amount, from which no taxes will be withheld.  You will receive an IRS Form 1099 for the non-wage portions of the Settlement amount.  You are responsible for paying all taxes on the money you receive under the Settlement, except for the amounts withheld from checks for the wage portion of the Settlement.

# IX.
## WHY DO THE PARTIES SEEK APPROVAL OF THE SETTLEMENT?

### A.    Why Do Plaintiffs And Their Attorneys Seek Approval Of The Settlement?

The Illinois Plaintiffs and their attorneys seek approval of the Settlement because they believe the Settlement is fair, reasonable, adequate, and in the best interests of the members of the Illinois Settlement Class and all Parties. The Settlement permits Illinois Settlement Class members to receive the certainty of a payment and to receive payment sooner than if the claims were not settled, but instead were subject to the outcome of a trial.

### B.    Why Does Silverleaf Seek Approval Of The Settlement?

Silverleaf wishes to resolve all the claims in this litigation and supports the Settlement for that purpose.  Silverleaf denies the Illinois Claims in the Lawsuit and reserves the right to contest all Illinois Claims if for any reason the Settlement is not ultimately approved by the Court.

# X.

## WHO ARE THE ATTORNEYS FOR THE PARTIES?

| **Counsel for Plaintiffs and the Class** | **Counsel for Silverleaf Defendants** |
|---|---|
| Rhonda H. Wills<br>Wills Law Firm, PLLC<br>1776 Yorktown, Suite 570<br>Houston, Texas 77056<br>Telephone: (713) 528-4455 | Ruth A. Bahe-Jachna<br>Greenberg Traurig, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>Telephone: (312) 456-8400 |
| | Isabel A. Crosby<br>DLA Piper LLP<br>1717 Main Street, Suite 4600<br>Dallas, Texas 75201<br>Telephone: (214) 743-4500 |

If you have questions regarding this Settlement, you may contact Class Counsel or the Claims Administrator.  Do NOT contact Counsel for Silverleaf or Silverleaf's managers or supervisors. They are not able to speak to you about the proposed Settlement.

*Questions?  Call Toll Free* _____

# XI.
## WHAT ARE MY OPTIONS UNDER THE SETTLEMENT?

As an Illinois Settlement Class member you have several options. Each option has its own consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to exercise each option, are as follows:

### A.    Do Nothing And Receive A Settlement Payment: Your Rights Regarding The Illinois Claims Will Be Determined By Whatever Action The Court Takes.

If you take no action and the Settlement become final, you will receive your share of the Settlement and your rights regarding the Illinois Claims will be determined by the Court. If the Court does not give final approval to the Settlement the case will proceed but the Illinois Settlement Class will be decertified and you will remain a putative member of the putative Illinois Class and your rights regarding the Illinois Claims may be determined by whatever future rulings are made by the Court.

### B.    Request Exclusion From The Illinois Class.

If you do not want to participate in the Settlement of the Illinois Claims and you want to retain the right to pursue any Illinois Claims you believe you have, in a lawsuit of your own, and with an attorney of your own choice and at your own expense, you must submit a timely and valid Request For Exclusion from the Illinois Settlement Class. <u>You will give up no rights, but you will NOT receive a payment under the Settlement</u>. If you submit a Request For Exclusion from the Illinois Settlement Class you may <u>not</u> file Objections to the Settlement or appear at the Final Approval Hearing.

#### To submit a Request For Exclusion you must do all of the following:

- Your Request For Exclusion must be in writing. It must state that you wish to be excluded from the Illinois Settlement Class in "*Parker, et al. v. Silverleaf Resorts, Inc., et al.*, United States District Court For The Northern District of Texas, Dallas Division, Civil Action No. 3:14-CV-02075-B." Your Request must include:
  - Your full name
  - All other names you used during any time you were employed by Silverleaf
  - Your date of birth
  - The last four digits of your Social Security Number
  - Your telephone number
- You must sign and date your Request For Exclusion
- You must send your Request For Exclusion to the Claims Administrator at the following address

*Questions? Call Toll Free* <mark>_____</mark>

7

*Parker, et al. v. Silverleaf Resorts, Inc., et al.*

Kurtzman Carson Consultants, LLC

(*Proper Address of Settlement Administrator Here*)

- **Your Request For Exclusion must be postmarked on or before DATE.** If your Request is not postmarked on or before DATE it will not be effective and you will remain a member of the Illinois Settlement Class.

If you request exclusion from the Illinois Settlement Class, the Settlement Payment that you would otherwise have been entitled to receive for the Illinois Claims will be redistributed to the remaining Illinois Settlement Class members. No portion of the Settlement amount will go back to Silverleaf as a result of a Request For Exclusion.

### C.      You May Object To The Terms Of The Settlement

If you remain in the Illinois Settlement Class (you do not file a Request For Exclusion) you may file an Objection to any of the terms of the Settlement that you believe are not fair. If you Object, you will continue to be a member of the Illinois Settlement Class. If the Court approves the Settlement you will give up the claims described in the Release of Claims (Section XII, B. I. of this Notice), and will be bound by whatever rulings the Court makes concerning the Settlement and other issues in the Lawsuits. The Court will consider all Objections at the Final Fairness Hearing.

### 1.      How To Object

All Objections must be in writing and include: (a) the words "Notice of Objection," and reference the name of the case and case number, "*Parker, et al. v. Silverleaf Resorts, Inc., et al.*, United States District Court For The Northern District of Texas, Dallas Division, Civil Action No. 3:14-CV-02075-B"; (b) your full name, address, and telephone number and the dates of your employment with Silverleaf; (c) describe, in clear and concise terms, the legal and factual arguments supporting the objection; (d) list the names, addresses and telephone numbers (if known) of witness(es) you may call to testify at the fairness hearing; and (e) provide true and correct copies of any exhibit(s) you intend to offer at the fairness hearing. <u>If you wish to be heard at the Final Approval Hearing, either in person or through your own attorney, your Objection MUST state that you wish to be heard and/or to call witnesses.</u>

### 2.      Where To Send Your Objection

Your written Objection must be mailed to the Claims Administrator at the following address:

*Parker, et al. v. Silverleaf Resorts, Inc., et al.*

Kurtzman Carson Consultants, LLC

(*Proper Address of Settlement Administrator Here*)

*Questions?  Call Toll Free* _____

Your written Objection must <u>also be mailed to Class Counsel and to Silverleaf's Attorneys</u> at the addresses listed in Section X of this Notice.

### 3.    Deadline for Objections:

**Your Objections must be postmarked on or before <mark>DATE</mark>**.  If you do not make a timely Objection, you will waive any right to right to object to the Settlement and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise.

### D.    I Am Already A Plaintiff In The *Parker* Lawsuit.  What Does This Mean For Me?

If you have already become a plaintiff in the *Parker* Lawsuit asserting federal claims under the Fair Labor Standards Act ("FLSA"), you will remain a plaintiff.  If you are not already a plaintiff in the *Parker* Lawsuit, you will not be able to join that action for purposes of FLSA claims, as your time to do so has expired.

# XII.
## WHAT CLAIMS DO I GIVE UP BY REMAINING IN THE LAWSUIT?

### A.    Binding Nature of Settlement

If approved by the Court, the Settlement will be binding on all members of the Illinois Settlement Class who do not make a timely Request For Exclusion and will bar all Illinois Settlement Class members from bringing any released claims against Silverleaf.  Under the terms of the Settlement, Illinois Settlement Class members will be giving up, or "releasing," the claims described below.

### B.    Release of Claims

### 1.    What Claims Are Released?

The Settlement Agreement includes the following release of claims:

> The Settlement shall effect a complete settlement and release and shall extinguish  waive, fully release and forever discharge the Released Parties as to each Class Member as to all claims arising from this action, from any and all claims, debts, liabilities, demands, obligations, damages, action or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in this or the *Dix* Lawsuit pertaining to or arising from violations of any federal, state or local wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act, Illinois state wage and hour laws, Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq.* ("IWPCA") and Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq.* ("IMWL").  The claims

enumerated in this paragraph shall be referred to as the "Released Claims." Nothing in this Settlement shall be construed to waive any right that is not subject to waiver by private agreement, including without limitation any claims arising under state unemployment insurance or workers' compensation laws.

The Settlement Agreement defines the Released Parties as follows:

The Released Parties include: (a) all of Silverleaf's present and former parent companies, subsidiaries, related or affiliated companies; (b) all of Silverleaf's present and former divisions; (c) all of the present and former shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) and any individual or entity which could be jointly liable with Silverleaf.

## XIII.
## THE FINAL APPROVAL HEARING

The Court will hold a final approval hearing in Courtroom 1516 of the United States District Court For The Northern District of Texas, located at United States Courthouse, 1100 Commerce Street, Dallas, TX 75242, on DATE at TIME. The Parties will ask the Court to give final approval to the Settlement. It is not necessary for you to appear at this hearing.

The final approval hearing may be re-scheduled by the Court without further notice to the Class.

## XIV.
## WHEN WILL I GET MY SETTLEMENT PAYMENT?

If the Court does not grant final approval to the Settlement, all the Parties will be free to resume their respective legal positions as they existed before the Settlement Agreement was signed. No settlement payments will be made, and the Illinois Settlement Class will be decertified.

If the Court grants final approval to the Settlement, the Claims Administrator will mail settlement checks approximately seven (7) business days after the Effective Date. The Effective Date occurs after an Order of Final Approval and after the dismissal of the *Dix* Lawsuit.

You are responsible to make sure the Claims Administrator has your current mailing address and telephone number. If you move or change your telephone number, please provide updated information to the Claims Administrator at the address shown in this Notice. You may contact the Claims Administrator at the toll-free number listed at the bottom of each page of this Notice to confirm it has been received.

Settlement checks will be valid for 180 days after they are issued, and will not be reissued for any reason after that date. Please let the Claims Administrator know right away if you lose your check.

*Questions? Call Toll Free* _____

# XV.
## WHO CAN I CONTACT IF I HAVE QUESTIONS?

You may contact the Claims Administrator by calling the toll-free number at the bottom of each page of this Notice, or by mail at:

*Parker, et al. v. Silverleaf Resorts, Inc., et al.*
Kurtzman Carson Consultants, LLC
(*Proper Address of Settlement Administrator Here*)


Or call: _____

You also may contact Class Counsel at the contact information listed above in Section X if you have any questions about the Settlement.

## PLEASE

## DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE

## DO NOT CONTACT SILVERLEAF'S MANAGERS, SUPERVISORS, OR ATTORNEYS.