# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES PARKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-02075-B |
| v. | § | |
| | § | |
| SILVERLEAF RESORTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DECLARATION OF RHONDA H. WILLS**

I, Rhonda H. Wills, declare as follows:

1.       My name is Rhonda H. Wills. I am over the age of eighteen years, capable of making this declaration, and fully competent to testify to the matters stated here due to my position, experience, and personal knowledge. I have personal knowledge of the facts stated, and they are true. I make these statements based on personal knowledge and would so testify if called as a witness.

2.       I was retained by lead plaintiff James Parker, on behalf of himself and all others similarly situated, including all opt-in plaintiffs, as the attorney-in-charge in the above-referenced matter. I have acted as lead counsel in this matter for 4 years since its inception when I began investigating this matter, and thereafter, filed this Fair Labor Standards Action ("FLSA") collective action on March 13, 2014.

3.       I was retained by lead plaintiffs Christopher Dix and Aaron Kessler, on behalf of themselves and all the Illinois Rule 23 class members ("Illinois Plaintiffs"), as the attorney-in-charge in *Christopher Dix, et al. v. Silverleaf Resorts, Inc., et al*, No. 3:17-cv-3249, pending before this Honorable Court ("*Dix*" or the "*Dix* Lawsuit"), which claims have now been added to this

cause through the Consolidated Complaint and are being settled. I have acted as lead counsel in representing the Illinois plaintiffs and Rule 23 class members since such claims were initially brought in the *Dix* Lawsuit.

4.      I make this declaration in support of the Joint Motion for Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Settlement.

**Experience and Qualifications.**

5.      I am the founding member of WILLS LAW FIRM, PLLC. I am a 1994 graduate of the University of Texas School of Law, and I have a B.B.A. in international business from the University of Texas at Austin. I have been licensed to practice in Texas since 1994, and since that time I have been a member of the State Bar of Texas in good standing. I am also admitted and licensed to practice law in New York, and I am a member of the State Bar of New York in good standing.

6.      I am admitted to practice before all Texas and New York state courts, the Southern District of Texas, the Western District of Texas, the Northern District of Texas, the Fifth and Ninth Circuit Courts of Appeals, and the United States Supreme Court. I have also appeared *pro hac vice* as lead counsel in cases pending in the Southern District of New York, the Northern District of California, the Central District of California, the Eastern District of Louisiana, the District of New Jersey, and the District of Kansas.

7.      Before founding the Wills Law Firm in 2003, I practiced at VINSON & ELKINS L.L.P. for almost 8 years following a one-year judicial clerkship with the Supreme Court of Texas as a briefing attorney.

8.      While at VINSON & ELKINS, I handled complex class actions representing defendants in various jurisdictions, including Texas, South Carolina, Tennessee, New Jersey,

Florida, Alabama, the U.S. Virgin Islands, and Canada. Further, I was a senior member of the litigation team involved in representing an international company in conjunction with a $1 billion class action settlement fund.

9.      In the past almost 24 years of practicing law, among other things, I have specialized in employment litigation and complex multi-party litigation and class action litigation, including national and statewide FLSA collective actions and wage and hour matters.

10.      At the WILLS LAW FIRM, I have focused my practice on representing plaintiffs in nationwide and statewide FLSA collective actions and class actions. I have successfully resolved multiple cases that have been certified by federal courts on a nationwide and statewide basis. Since 2008, I have appeared as lead counsel in more than 50 wage and hour matters in federal and state courts nationwide, including matters that have been certified on a state and/or nationwide basis. I was appointed Lead Counsel in a multi-district litigation ("MDL") nationwide collective action involving thousands of class members. I also currently have or have previously had wage and hour matters filed before judges in the Northern District of Texas, including this Honorable Court, as well as courts in the Southern District of Texas, the Western District of Texas, the Southern District of New York, the Northern District of California, the Central District of California, the District of New Jersey, the District of Kansas, and the Los Angeles Superior Court. I have also acted as lead counsel in jury trials of wage and hour cases in federal courts and in arbitration proceedings.

11.      A list of some of the wage and hour matters in which I have served (or am currently serving) as lead counsel includes, but is not limited to, the following:

- *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, Case No. 4:11-md-2266, MDL in the Southern District of Texas, Houston Division (National/Multi-District FLSA collective action re mortgage loan officers) ($15 million settlement) (J. Miller)

- *Bejenaru, et al v. KB Home, et al.,* Case No. BC521236, In the Superior Court of the State

of California, County of Los Angeles, Civil Central West (California wage and hour class action) ($3.4 million settlement) (J. Jones); transferred to the Southern District of Texas and consolidated with *Edwards* (see below)

- *Edwards, et al. v. KB Home,* Civil Action No. 3:11-cv-00240, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *Cartwright, et al. v. Tumi Stores, Inc.,* Civil Action No. BC631409, In the Superior Court of the State of California, County of Los Angeles, Civil Central West (California wage and hour class action) (J. Highberger)

- *Manigo, et al. v. Time Warner Cable, Inc., et al.*, Civil Action No. 2:16-cv-06722-JFW-PLA, In the United States District Court for the Central District of California (California wage and hour class action) (J. Walter)

- *Ron Henry, et al. v. JPMorgan Chase & Co., et al.*; Civ. No. 15-cv-03895-PSG-PLA, In the Central District of California (J. Gutierrez)

- *Richard, et al., v. ViewPoint Bank, et al.,* Civil Action No. 4:11-cv-00846, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Lake)

- *Salto, et al., v. Ameripro Funding, Inc.,* Civil Action No. 1:11-cv-00289-SS, In the United States District Court for the Western District, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Bethea, et al., v. 360 Mortgage Group, LLP,* Civil Action No. 1:11-cv-921-SS, In the United States District Court for the Western District, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Valladares, et al., v. Priority Home Mortgage, LP, et al.,* Civil Action No. 3:11-cv-00114, In the United States District Court for the Southern District of Texas, Galveston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Hoyt)

- *Dalia Gutierrez, et al. v. I. Kunik Company.*; Case No. 7:15-cv-00225; In the Southern District of Texas, McAllen Division (conditionally certified as FLSA collective action)

- *Perez, et al., v. Wells Fargo & Company, et al.,* Civil Action No. 3:14-cv-00989, In the United States District Court for the Northern District of California (wage and hour action brought individually on behalf of ten plaintiffs who were previously employed in non-exempt positions by Wells Fargo) (J. Hamilton)

- *Mote v. Perry Homes, A Joint Venture, et al.,* Civil Action No. 1:09-cv-00553-LY, In the United States District Court for the Western District, Austin Division (FLSA collective

action re mortgage loan officers) (confidential settlement) (J. Yeakel)

- *Villegas v. Regions Bank, et al.,* Civil Action No. 4:11-cv-00904, In the United States District Court for the Southern District of Texas, Houston Division (FLSA action re mortgage loan officer) (confidential settlement) (J. Rosenthal)

- *Vangelakos, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Case No. 1:13-cv-06574, In the United States District Court Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Fernandez, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Action No. 12-cv-7193, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Scutts, et al. v. Wachovia Corporation, et al.,* In the United States District Court Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *McNeill, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-01400, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wells Fargo tellers) (confidential settlement) (J. Miller)

- *McNeill, et al., v. Wachovia Corporation, et al.,* Civil Action No. 4:11-cv-01401, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wachovia tellers) (confidential settlement) (J. Rosenthal)

- *Richardson, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-00738, In the United States District Court for the Southern District of Texas, Houston Division (off-the-clock FLSA violations re Wells Fargo personal bankers) (confidential settlement) (J. Atlas)

- *Canela, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-0078-LY, In the United States District Court for the Western District, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Fructuoso, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-00951-LY, In the United States District Court for the Western District, Austin Division (FLSA collective action) (confidential settlement) (J. Yeakel)

- *Rueda, et al., v. Tecon Services, Inc.,* Civil Action No. 4:10-cv-04937, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Hernandez, et al. v. Robert Dering Construction*, Civil Action No. 3:15-cv-00176, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (J. Hanks)

- *Shelby, et al v. Boxer Prop. Mgmt. Corp.*, Civil Action No. 4:16-cv-01549, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action re onsite leasing agents) (J. Ellison)

- *Gonzalez, et al., v. Ridgewood Landscaping, Inc.,* Civil Action No. 4:09-cv-02992, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Willis, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00799-LY, In the United States District Court for the Western District, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Sandberg, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00763-LY, In the United States District Court for the Western District, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Hughes v. The Ryland Group, Inc. et al.,* Civil Action No. 3:11-cv-00203, In the United States District Court for the Southern District of Texas, Galveston Division (confidential settlement)

- *Gillum, et al., v. Acuity Healthcare, LP,* Civil Action No. 4:11-cv-391 (FLSA collection action re healthcare workers) (confidential settlement) (J. Atlas)

- *McCarragher, et al., v. The Ryland Group, Inc. et al.,* Civil Action No. 4:11-cv-00055, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *Lipnicki, et al., v. Meritage Homes Corporation, et al.,* Civil Action No. 3:11-cv-00605, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement following a one-week bellwether trial) (J. Costa)

- *White-Yeldell v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03743, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Carter, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03790, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas)

- *Sam, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:09-cv-00565, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Alvarado, et al., v. Shipley Donut Flour & Supply Co., Inc.,* Civil Action No. 4:08-cv-02111, In the United States District Court for the Southern District of Texas, Houston

Division (FLSA collective action) (J. Atlas)

- *Ramirez, et al., v. Gigi Huang Restaurant, Ltd, et al.,* Civil Action No. 4:09-cv-02649, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement)

- *Switzer, et al., v. Wachovia Corporation, et al.,* Civil Action no. 4:11-cv-01604, In the United States District Court for the Southern District of Texas, Houston Division (FLSA off-the-clock violations re Wachovia financial specialists) (J. Atlas)

- *Blake v. Hewlett-Packard Company,* Civil Action No. 4:11-cv-00592, In the United States District Court for the Southern District of Texas, Houston Division (J. Harmon)

- *Parker, et al., v. Silverleaf Resorts, Inc., et al.,* Civil Action No. 3:14-cv-02075-P, In the United States District Court for the Northern District of Texas, Dallas Division (FLSA collective action) (J. Boyle)

- *Strickland, et al., v. Aramark Uniform & Career Apparel, LLC.,* Civil Action No. 15-cv-7823-DCC-GEB, In the United States District Court for the District of Kansas (FLSA collective action) (J. Crabtree)

- *Henry v. JPMorgan Chase & Co., et al.,* Civil Action No. 2:15-cv-03895-PSG-PLA, In the United States District Court for the Central District of California (FLSA collective action) (J. Gutierrez)

- *Gutierrez, et al., v. I. Kunik Company,* Civil Action No. 7:15-cv-00225, In the United States District Court for the Southern District of Texas, McAllen Division, (FLSA collective action) (J. Crane)

- *Ranieri, et al., v. Banco Santander, et al.,* Civil Action No. 2:15-cv-03740-MCA-MAH, In the United States District Court for the District of New Jersey (FLSA collective action) (J. Arleo)

**Background of the Litigation.**

12.    I began investigation of potential FLSA violations by Silverleaf in early 2014 after initially being contacted by potential plaintiffs, including James Parker. Subsequently, I filed this lawsuit against Silverleaf on March 13, 2014, asserting FLSA claims on behalf of Mr. Parker and others, as well as a putative nationwide class of sales employees alleging seeking unpaid overtime and minimum wages, as well as liquidated damages.

13.     In October 2016, Plaintiffs moved to conditionally certify this matter as a nationwide FLSA collective action. Certification was vehemently contested by Silverleaf and thoroughly briefed by the parties.

14.     On May 1, 2017, the Court granted Plaintiffs' motion to conditionally certify this matter as a collective action and authorized notice to issue to putative class members. [Doc. 167].

15.     Plaintiffs mailed out notice to 561 putative class members. All told, 200 Plaintiffs joined the suit, in addition to the four named plaintiffs.

16.     The parties conducted extensive discovery during the discovery phase of the litigation, including taking the depositions of the named Plaintiffs and two of Silverleaf's managerial employees. Silverleaf produced hundreds of thousands of documents in response to hundreds of requests for production from Plaintiffs. In addition, Plaintiffs deposed two current or former Silverleaf managerial employees. Silverleaf deposed the four named Plaintiffs.

17.     The *Dix* Lawsuit was filed on November 30, 2017 by two Silverleaf sales employees from Illinois. *Dix* alleged violations of (1) the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et seq.*, requiring compensation for all actual hours worked, as well as minimum wage and overtime pay; and (2) the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.*, requiring payment of minimum wages and overtime wages, and maintenance of records reflecting employees' accurate working hours.

18.     The *Dix* named plaintiffs sought relief on behalf of an opt-out putative class of allegedly similarly situated Silverleaf sales employees under Rule 23 of the Federal Rules of Civil Procedure. In total, the putative class is estimated to consist of approximately 1,000 individuals. The *Dix* named plaintiffs had not moved for class certification prior to the Parties' agreement to settle the case, nor had significant discovery been conducted prior to settlement.

**Mediation & Settlement Negotiations.**

19.     On October 26, 2017, the parties attended a full-day mediation with mediator Nancy Huston in Houston, Texas, where Ms. Huston is based. Ms. Huston has a stellar reputation as an experienced mediator in wage and hour claims under the FLSA, and is one of the leading mediators of wage and hour matters.

20.     No resolution was reached during the October 2017 mediation, but Ms. Huston's efforts laid the groundwork for a possible resolution. The *Dix* lawsuit was subsequently filed on November 30, 2017, and asserted Illinois wage and hour law claims against Defendants. The parties continued to engage in meaningful settlement discussions with the assistance of Ms. Huston in the months that followed, including informal telephonic settlement meetings and conferences (during which time settlement of both the *Parker* and *Dix* matters was discussed). In January 2018, Ms. Huston gave a mediator's proposal, which both sides accepted on February 8, 2018.

21.     The Illinois state law claims originally asserted in *Dix* have been added to this Action by way of a Consolidated Complaint sought to be filed pursuant to a Stipulation of the Parties (Dkts. 403, 403–1). The Parties' counsel have apprised this Honorable Court that they have agreed upon settlement terms and that they wished to present their proposed settlement of the Illinois state law claims to this Court for the process of approval and administration of the settlement terms. Accordingly, the *Dix* lawsuit will be dismissed without prejudice pending this Court's review and approval of this settlement.

22.     At the time of the settlement, this matter had been pending for approximately four years, which had allowed Plaintiffs' counsel to make a thorough evaluation of the strengths and weaknesses of both cases, through both formal discovery and legal analysis.

23.     The parties have now reached settlement terms that are included in the FLSA Settlement Agreement and Rule 23 Class Settlement Agreement, which are attached as Exhibits 1 and 2 to the Joint Motion.

24.     As 200 individuals opted-in to the suit, and there are four original named Plaintiffs, 204 Plaintiffs are participating in the FLSA settlement, and those individuals are identified in Exhibit A to the FLSA Settlement Agreement.

**The Proposed FLSA and Rule 23 Settlements Are Fair and Reasonable.**

25.     The proposed FLSA Settlement Agreement provides for a "Gross Settlement Fund" for the FLSA Plaintiffs in the amount of $1,250,000.00 [ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS], inclusive of the FLSA Plaintiffs' attorneys' fees and litigation expenses and costs, as well as service awards and the costs of the Claims Administrator. The average per capita gross compensation is approximately $6,124 with a total of 204 Plaintiffs participating in the settlement, which provides a meaningful recovery. Each FLSA Plaintiff will receive a proportionate share of the net Settlement Fund according to a formula based on the length of each person's individual tenure and compensation. The Settlement Agreement further provides for a minimum payment of $250 to each FLSA Plaintiff from the Settlement Fund.

26.     The proposed Rule 23 Settlement Agreement provides for a "Gross Settlement Fund" for the Illinois Plaintiffs in the amount of $250,000.00 [TWO HUNDRED FIFTY THOUSAND DOLLARS], inclusive of the Illinois Plaintiffs' attorneys' fees and litigation expenses and costs, as well as service awards and the costs of the Claims Administrator. Each Illinois Plaintiff will receive a proportionate share of the net Settlement Fund according to a formula based on the length of each person's individual tenure and compensation within the relevant statute of limitations, as well as whether they are a participant in the settlement of claims

under the FLSA. The Settlement Agreement further provides for a minimum payment of $50 to each Illinois Plaintiff.

27.    I have been lead counsel in numerous other wage and hour collective action and class action matters. As a result of the extensive analysis conducted by Plaintiffs' counsel in this case and my experience with similar settlements, I believe that this settlement is fair, reasonable, and adequate in light of the potential damages and the strengths and potential weaknesses of the case. The settlement makes available significant monetary benefits to the Rule 23 Plaintiffs and FLSA Plaintiffs without increased expenses, the risks of trial and appellate proceedings, and the general uncertainties of litigation. Further supporting the arms-length negotiations here is that the parties participated in a full-day mediation and continued settlement discussions and a resolution that was reached through a mediator's settlement proposal that was ultimately accepted by the parties. Even after the proposed deduction of attorneys' fees, litigation expenses and costs, class administration fees, and service awards, the overall recovery for the average FLSA Plaintiff is approximately $6,124 per person, and each Rule 23 Plaintiff will receive a minimum of $50. By any objective measure, the compensation this settlement makes available to the Rule 23 and FLSA Plaintiffs is reasonable consideration for their claims without any further delay following 4 years of protracted litigation.

28.    Litigation of the FLSA Plaintiffs' and Illinois Plaintiffs' claims has been vigorously contested and was resolved only after considerable negotiation and compromise by both parties. In my judgment and experience, in view of the inherent uncertainty, delay, and expense of further proceedings in this case, including additional discovery, trial, and appeals, I believe the FLSA Settlement Agreement and the Rule 23 Settlement Agreements are in the best interest of the FLSA and Illinois Plaintiffs.

**The Honorable Gregg J. Costa of the Fifth Circuit Court of Appeals Recently Approved an Analogous FLSA and Rule 23 Settlement, Which Included an Award of 40% in Attorneys' Fees.**

29.     The proposed settlement in this case, as well as the mechanism for approval, are patterned after a very similar FLSA and Rule 23 wage and hour matter on which I served as lead counsel—*Edwards v. KB Home*, Civil Action No. 3:11-cv-240 (S.D. Tex.). In *Edwards*, an FLSA collective action and a Rule 23 class settlement of California wage and hour claims were approved by the Honorable Gregg Costa of the Fifth Circuit Court of Appeals in 2016 while Judge Costa was sitting by designation in the Southern District of Texas.

30.     In addition to approving the FLSA and Rule 23 settlements, Judge Costa also approved an award of 40% in attorneys' fees. *Edwards v. KB Home*, No. 3:11-cv-240 [Dkt. 269, Joint Motion for Preliminary Approval of Rule 23 Settlement Class, at pp. 22–26]; [Dkt. 277, Order Granting Final Approval, at p. 3].

**The Proposed Service Awards Are Fair and Reasonable.**

31.     The service awards requested for the named plaintiffs are fair and reasonable, in the following amounts: $10,000 each to James Parker, Caitlin Collins, Taylor Jackson, and Zachary Owens, and $5,000 each to Christopher Dix and Aaron Kessler. In addition to appearing for a deposition, all four of the named *Parker* Plaintiffs attended the mediation of this matter in Houston, and assisted Plaintiffs' counsel with mediation.

32.     The *Parker* and *Dix* service award recipients were significantly involved in this case, as evidenced by among other things, assisting in Plaintiffs' counsels' fact investigation, reviewing pleadings and correspondence, contacting potential witnesses, and gathering and interpreting documents related to the defendants' workplace and compensation policies. They also spent extensive time meeting Plaintiffs' counsel on multiple occasions, and the *Parker* plaintiffs

met with us on multiple occasions in preparation for their depositions, and gathered and provided documents responsive to the defendants' discovery. The *Parker* Plaintiffs also participated in the mediation, at which they assisted in the formulation and review of settlement proposals and otherwise contributed valuable insights and information. Without the contributions made by the service award recipients, I do not believe that the settlement would have been achieved.

**The Fee and Expenses Request from Plaintiffs' Counsel is Fair and Reasonable.**

33.    My law firm, WILLS LAW FIRM, PLLC was retained by Plaintiffs in this matter. As the lead attorney, I have been assisted by others from my law firm in the prosecution of this case, including associate attorneys Patrick J. Raspino, Brian A. Srubar, and Genevieve B. Estrada, as well as paralegals and law clerks. Patrick J. Raspino graduated from South Texas College of Law Houston. Prior to law school, Mr. Raspino obtained a Bachelor of Arts degree from the University of Texas at Austin. Brian A. Srubar graduated from the University of Houston Law Center. Prior to law school, Mr. Srubar obtained Bachelor of Science degree from the University of Houston. Genevieve B. Estrada graduated from Texas Southern University, Thurgood Marshall School of Law. Prior to law school, Ms. Estrada obtained a Bachelor of Arts degree from the University of Texas at Austin. Ms. Estrada, Mr. Raspino, and Mr. Srubar have experience in assisting with the representations of clients in wage and hour litigation.

34.    The demands of this litigation—the complexity of the factual and legal issues involved, the vigorous defense mounted by the defendants, and the requirements of servicing a client base of hundreds of individuals—have required a considerable investment of time and resources by Plaintiffs' counsel for nearly 4 years. Among other tasks, Plaintiffs' counsel obtained conditional certification of the FLSA collective action; reviewed hundreds of thousands of documents obtained in discovery from the defendants, as well as documents obtained from public

sources; prepared for and conducted depositions of the defendants' witnesses on dozens of topics; prepared four plaintiffs for depositions; interviewed opt-in plaintiffs across the country in investigating this matter; responded to a large volume of client communications and inquiries; extensively briefed several motions; prepared complex damages calculations; prepared and presented a detailed PowerPoint mediation presentation; and litigated this matter for nearly four years.

35.     This matter has required a considerable investment of time and resources by WILLS LAW FIRM. This matter has at all times been pursued on a fully contingent basis. Plaintiffs' counsel would receive no amount for costs, expenses, or time unless the case succeeded. To date, Plaintiffs' counsel has not received any compensation or reimbursement for time or expenses incurred in these proceedings. Plaintiffs' counsel has expended substantial time, litigation expenses, and costs in litigating this matter. Representation of the Plaintiffs in this case has been ongoing for nearly four years, and has required my firm to forego other work and to advance significant litigation expenses.

36.     As a fee in this settlement, Plaintiffs' counsel seeks $500,000.00 from the Gross Settlement Fund for attorneys' fees for the FLSA settlement, and $100,000.00 from the Gross Settlement Fund for attorneys' fees for the Rule 23 settlement (both forty percent of the respective total Gross Settlement Funds). In the Fifth Circuit, the "customary contingency" is the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Furthermore, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003).

37.     The degree of success here is high because Silverleaf vehemently denies that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed, and Plaintiffs litigated almost four years before the matter could be settled.

38.     The settlement reached in this case was only possible because of the case development and analysis performed by Plaintiffs' counsel. To prosecute this case and to achieve this settlement, Plaintiffs' counsel was required to conduct extensive legal research and investigation and interview class members concerning the defendants' defenses. This undertaking was particularly critical in this nationwide FLSA collective action with hundreds of opt-in plaintiffs from across the country, with the concomitant risk of a potential decertification motion by defendants.  In my judgment, this settlement, coming before the expense of a jury trial and possible appeal, shows that Plaintiffs' counsel succeeded in their effort. The size of the collective action and the multi-city nature of this litigation required Plaintiffs' counsel to expend considerable time and resources managing the needs and expectations of individuals spread throughout the country. Finally, this case, which was undertaken on a purely contingent basis with no guarantee of any recovery, required an immense investment of time by Plaintiffs' counsel, particularly for a firm of our size, and necessarily required us to decline other representations. For all these reasons, I believe that a fee award of 40% is fully justified in this case.

39.     Based on my professional experience, WILLS LAW FIRM, PLLC's billing rates are fair and reasonable and are commensurate with hourly rates of lawyers with similar experience handling complex litigation matters.

40.     Based on my professional experience, a reasonable rate for my work in this case, for an attorney of similar skill and experience performing similar work in this community is at least $675 per hour. In my experience, equity partners at large firms include individuals with as

little as 8–10 years of experience earn comparable rates as compared to my nearly 24 years of experience. Moreover, though I am with a small firm, I started my career by spending several years with a large firm (VINSON & ELKINS, LLP). In addition, I have extensive experience and expertise as a lawyer in FLSA matters. The skill required to perform the legal services provided by me is that of a trial attorney employed as a senior equity partner experienced in the development and presentation of a case similar to this matter. The time I spent working on this case was time that I otherwise could have spent earning hourly fees or contingent fees in other matters, or developing additional business. In performing contingent fee work in the past, my firm has earned in certain complex cases, several thousand dollars per hour.

41.    Likewise, based on my professional experience, a reasonable hourly rate for associate attorneys is $325 per hour. Similarly, based on my professional experience, a reasonable rate for law clerk time is $150 per hour and paralegal time is $125 per hour. According to a 2013 Utilization and Compensation Survey Report by the Association of Legal Assistants and Paralegals, even at small firms, average billing rates exceeded $100 per hour.

42.    The 2013 *National Law Journal* survey of U.S. law firm billing rates also confirms that WILLS LAW FIRM'S rates are reasonable. According to that survey, firms in Texas charge rates comparable to WILLS LAW FIRM'S rates being used in this matter, averaging from $655 for partners and $417 for associates.

43.    After the exercise of considerable billing judgment, WILLS LAW FIRM has devoted 2,622.75 hours of professional time to the prosecution of this matter through February 8, 2018.

44.    Based on the hourly rates regularly charged by my firm, the lodestar value of WILLS LAW FIRM, PLLC'S time is $1,007,743.75. WILLS LAW FIRM'S lodestar is calculated by

multiplying its hours worked on this case by the attendant hourly rates. The hours, attendant rates and lodestar for the WILLS LAW FIRM, PLLC in this matter are as follows:

| NAME | RATE | HOURS | LODESTAR |
|------|------|-------|----------|
| RHONDA H. WILLS (LEAD COUNSEL) | $675 | 897.25 | $605,643.75 |
| ASSOCIATES | $325 | 882.75 | $286,893.75 |
| LAW CLERKS: | $150 | 394.50 | $59,175.00 |
| PARALEGALS: | $125 | 448.25 | $56,031.25 |
| TOTAL | | 2,622.75 | $1,007,743.75 |

45.    The lodestar calculations were compiled from time records regularly prepared and maintained by WILLS LAW FIRM in the ordinary course of business. My firm, including myself, Ms. Estrada, Mr. Raspino, and Mr. Srubar, along with our law clerks and paralegals, have performed substantial work on behalf of the Plaintiffs in this case. All of the services performed by WILLS LAW FIRM were reasonably necessary in the prosecution of this action. The time reflected therein was reasonable and necessary to the representation of the FLSA and Rule 23 Plaintiffs in this case, and reasonably expended in advancing their FLSA and Illinois claims. Allocation of work by experience level was also reasonable given the experience level of each of the attorneys involved and the tasks they performed.  In apportioning the time spent litigating the FLSA claims versus the Illinois class claims, Wills Law Firm expended approximately 85% of its time litigating the FLSA claims and approximately 15% of its time litigating the Illinois class claims.

46.    WILLS LAW FIRM's billing rates are fair and reasonable, as evidenced by the comparable rates charged by plaintiffs' counsel in other significant wage and hour actions where similar, or even less favorable, results were achieved. For example, as part of the settlement of an

FLSA action brought on behalf of some 185,000 non-exempt hourly workers employed by Bank of America, the court approved attorneys' fees of $18.25 million where plaintiff's lodestar of $16.5 million reflected a blended hourly rate of $488. *In re Bank of America Wage and Hour Employment Litig.*, 2013 WL 6670602, at *3 (D. Kan. 2013). In contrast, my firm's blended hourly rate for this proceeding is $384. District courts in this Circuit likewise have approved fee requests in class actions based on comparable rates. *Glover v. Woodbolt Distribution, Ltd.*, No. 4:12-cv-2191 (S.D. Tex.) (Miller, J.), Dkt. ##32, 35 (approving fee award based on rates of $670–$750 for partners; $335–$500 for associates; and $140–$180 for paralegals).

47.    The schedule attached hereto as Exhibit A is an accurate summary indicating the taxable costs and litigation expenses incurred by WILLS LAW FIRM, PLLC for the advancement of the claims of the FLSA Plaintiffs, which totals $25,757.21. We seek reimbursement of these taxable costs and litigation expenses, which were all reasonable and necessary to the prosecution of Plaintiffs' FLSA claims. Moreover, WILLS LAW FIRM, PLLC continues to incur taxable costs and litigation expenses for the advancement of the claims of the Rule 23 Plaintiffs. Following preliminary approval of the proposed Rule 23 Illinois class settlement, WILLS LAW FIRM, PLLC will seek reimbursement of the taxable costs and litigation expenses necessarily incurred up to a maximum of $7,500.00 for the prosecution of the Rule 23 Plaintiffs' claims when applying to the Court for final approval of the proposed Rule 23 class settlement.

48.    Importantly, Plaintiffs' counsel's work on behalf of the FLSA and Rule 23 Plaintiffs is not finished. I anticipate that as much as an additional 100 hours of attorney and paralegal time will be required to effectuate the settlements, including supervising the settlement administration process, taking necessary steps to conclude settlement, and responding to class member inquiries.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____March 8_____, 2018

Rhonda H. Wills

# WILLS LAW FIRM, PLLC

EXPENSE STATEMENT

1776 Yorktown, Suite 570
Houston, Texas 77056
Phone (713) 528-4455 Fax (713) 528-2047

DATE: MARCH 6, 2018

**RE: CASE NO.: 3:14-CV-00085**
Parker, et al. v. Silverleaf Resorts, Inc., et al.

| DESCRIPTION | AMOUNT |
|---|---|
| Filing Fees | $402.00 |
| Processer | $65.00 |
| Secretary of State | $60.00 |
| Certificate of Good Standing | $50.00 |
| 03/17/14 Courthouse Parking | $3.00 |
| 06/18/2015-Attorney GBE Travel-Rule 16 Conference (Dallas, TX)<br>• Airfare, Transportation & Meals-$572.43 | $572.43 |
| 08/12/2015-Attorney GBE Travel-Hearing (Dallas, TX)<br>• Airfare, Transportation, Hotel-$534.82<br>• Parking, Meals, Mileage-$133.71 | $668.53 |
| US Legal Hosting | $351.79 |
| 10/21/15-Deposition of James Parker<br>• Meals-$75.56<br>• Deposition Transcript-$440.07(Ross Reporting) | $515.63 |
| 10/28/2015-Attorney RHW Travel-Deposition of Zachary Owens (Dallas, TX)<br>• Airfare-$457.96<br>• Transportation-$30.00<br>• Parking, Meals, Mileage-$176.39 | $664.35 |
| 10/27/2015-10/30/2015-Attorney GBE Travel-Depositions of Zachary Owens, Taylor Jackson, and Caitlin Collins (Dallas, TX)<br>• Airfare-$167.99<br>• Transportation-$400.96<br>• Hotel-$1,224.19<br>• Parking, Meals Mileage-$140.45<br>• Deposition Transcripts-$659.20 (Osteeen & Associates) | $1,933.50 |
| 10/26/2017 Mediation<br>• Mediator Nancy Huston Fee-$2,000.00<br>• Transportation-$718.63<br>• Hotel-$383.47 | $3,102.10 |
| 12/12/2017 Deposition of Colter Mize (Dallas, TX)<br>• Airfare-$453.94<br>• Transportation-$28.22<br>• Parking, Mileage-$98.24<br>• Deposition Transcript-$1,753.15 (U.S. Legal)<br>• Videographer-$976.00 (U.S. Legal) | $3,309.55 |

| | |
|---|---|
| 01/11/2018 Deposition of Christine Harding (Dallas, TX)<br>   • Airfare-$453.96<br>   • Transportation-$27.26<br>   • Parking, Meals, Mileage-$78.59<br>   • Deposition Transcript-$1,406.50 (U.S. Legal)<br>   • Videographer-$872.25 (U.S. Legal) | $2,838.56 |
| LexisNexis | $4,685.69 |
| Legal Express | $8.10 |
| FedEx Shipping | $561.35 |
| Faxes 102@ $1.00/per page | $102.00 |
| Copies BW18262@ $0.15/Color3250@ $0.25 per page | $3,551.80 |
| Postage | $2,311.83 |
| **TOTAL** | **$25,757.21** |

Exhibit A
To Declaration of Rhonda H. Wills