IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES PARKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-02075-B |
| v. | § | |
| | § | |
| SILVERLEAF RESORTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**JOINT MOTION FOR FINAL APPROVAL OF RULE 23 CLASS SETTLEMENT**

Plaintiffs James Parker, Caitlin Collins, Taylor Jackson, Zachary Owens, Christopher Dix, and Aaron Kessler, on behalf of themselves and all others similarly situated, ("Plaintiffs") and Defendants Silverleaf Resorts, Inc., Cerberus Capital Management L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., and Orange Lake Holdings, LLP ("Silverleaf") (collectively, the "Parties") file this Joint Motion for Final Approval of Rule 23 Class Settlement (the "Joint Motion") and respectfully show as follows:

## I.    INTRODUCTION

The Parties respectfully submit this joint motion for final approval of a proposed settlement of the claims of members of a Rule 23 Illinois Settlement Class for alleged violations of Illinois wage and hour laws. The settlement resolves the claims of the Illinois Settlement Class pursuant to the proposed compromise set forth in the Parties' Illinois Rule 23 Class Settlement Agreement ("Settlement Agreement") (Dkt. #410-2).[1]

On May 10, 2018, this Honorable Court issued an Order (Dkt. #423) granting preliminary

---

[1] Capitalized terms that are not defined in this Joint Motion are used as they were defined in the Settlement Agreement.

approval of the settlement embodied in the Settlement Agreement, including class certification for the purposes of the settlement (the "Order"). The Court specifically found that, for purposes of settlement, all class certification requirements under Rule 23 of the Federal Rules of Civil Procedure were met, including the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b). The Court further found that the Parties had demonstrated that the proposed settlement is fundamentally fair, adequate, and reasonable. To comply with the Order and the Settlement Agreement, the Parties directed the Claims Administrator to distribute the Notice of Proposed Class Action Settlement ("Notice") (Dkt. ## 410-4 & 426-3). This Joint Motion seeks final approval of the Rule 23 Class Settlement.

Following entry of the Order, the Parties have ensured that each step necessary to effectuate the Settlement Agreement has occurred as ordered by the Court. The Notice was mailed to all known and reasonably ascertainable members of the Illinois Settlement Class, who could choose whether to participate in the settlement, opt out of it, or object to it. Out of 1,108 members of the Illinois Settlement Class, **none have opted out**, and **none have objected**. *See* Declaration of Bernella Osterlund Re: Notice Procedures (Dkt. #426 at ¶¶ 6, 9, 10). Ultimately, only 37 out of 1,108 Notices remained undeliverable because the Claims Administrator was unable to find a deliverable address. *Id.* at ¶ 7.

## II.   BACKGROUND

### A.   The *Dix* Lawsuit

The *Dix* Lawsuit was filed on November 30, 2017 as a separate, related lawsuit by two former Silverleaf Resorts, Inc. non-exempt sales employees from Illinois, Christopher Dix and Aaron Kessler. *Dix* alleged violations of (1) the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et seq.*, requiring compensation for all actual hours worked, as well as minimum

wage and overtime pay; and (2) the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.*, requiring payment of minimum wages and overtime wages and maintenance of records reflecting employees' accurate working hours.

The *Dix* named plaintiffs sought relief on behalf of an opt-out putative class of allegedly similarly situated non-exempt sales employees under Rule 23 of the Federal Rules of Civil Procedure. In total, the putative class consisted of 1,108 individuals. The *Dix* named plaintiffs had not moved for class certification prior to the Parties' agreement to settle the case.

**B.      Mediation and Settlement**

On October 26, 2017, prior to the filing of the *Dix* lawsuit, the Parties attended mediation with mediator Nancy Huston.  Ms. Huston is experienced in the mediation of wage and hour claims and is one of the leading mediators of wage and hour class and collective actions. No resolution was reached on the date the Parties mediated, but through Ms. Huston, the Parties continued to engage in meaningful discussions regarding potential settlement in the months that followed, in addition to gaining greater understanding of the facts and their legal import through continuing discovery and motion practice. *See* Declaration of Rhonda H. Wills ("Wills Dec."), ¶ 20. The *Dix* lawsuit was also filed during this time period.

On February 8, 2018, the Parties accepted a mediator's proposal issued by Ms. Huston to resolve both the *Parker* and *Dix* claims, and the Parties further agreed to the settlement terms proposed below and as described in detail in the Settlement Agreement (Dkt. #410-2). Plaintiffs' Consolidated Complaint (Dkt. #422) was filed on May 9, 2018 to add claims mirroring those alleged in *Dix* to the *Parker* matter. Accordingly, the *Dix* lawsuit will be dismissed without prejudice pending this Court's review and approval of this global settlement.

**C.      Summary of the Rule 23 Illinois Class Settlement**

The Rule 23 Illinois Class Settlement Agreement provides that Orange Lake Country Club, Inc. and/or Orange Lake Holdings, LLP shall pay on behalf of Silverleaf a gross amount of $250,000.00 [TWO HUNDRED FIFTY THOUSAND DOLLARS] to settle the claims of the Illinois Settlement Class (the "*Dix* Gross Settlement Fund").

Payment of Settlement Funds. The Parties agree that the *Dix* Gross Settlement Fund be distributed based on the criteria set forth in Paragraph 17 of the Settlement Agreement, subject to the conditions and terms set forth in the  Settlement Agreement (Dkt. #410-2). The factors used in allocating the *Dix* Gross Settlement Fund includes the individual's average compensation as a non-exempt sales employee and number of weeks worked during the class period as a non-exempt sales employee. The formula provides a minimum allotment of $50.00 per person.

Service Payments. Plaintiffs request the Court approve the payment of service awards in the amount of $5,000.00 [FIVE THOUSAND DOLLARS] to Christopher Dix and $5,000.00 [FIVE THOUSAND DOLLARS] to Aaron Kessler, which payments shall come out of the *Dix* Gross Settlement Fund.  Silverleaf does not object.

Reserve Fund. The Parties further stipulate to a reserve fund of $10,000.00 [TEN THOUSAND DOLLARS] from the *Dix* Gross Settlement Fund to resolve payment disputes and/or administrative issues with the settlement (such as missing checks, miscalculated amounts, etc.). At the end of a 120-day period, the Claims Administrator shall distribute the unused portion of the Reserve Fund to all Illinois Settlement Class members using the same pro rata formula set forth in Paragraph 17 of the Settlement Agreement.

Attorneys' Fees and Costs. The Parties agree that Silverleaf does not oppose an award of attorneys' fees to Class Counsel in the amount of up to $100,000.00 [ONE HUNDRED

THOUSAND DOLLARS] as attorneys' fees and for recovery of costs and litigation expenses in

the amount of $4,908.91 [FOUR THOUSAND NINE HUNDRED EIGHT DOLLARS AND

NINETY-ONE CENTS], which amounts shall come out of the *Dix* Gross Settlement Fund, with

respect to the settlement of the claims of the Illinois Settlement Class. Plaintiffs incorporate by

reference the thorough analysis substantiating Plaintiffs' request for attorneys' fees and costs

included in the Parties' Joint Motion for Approval of FLSA Settlement and Preliminary

Approval of Rule 23 Class Settlement (Dkt. #410) and Plaintiffs' Supplemental Motion for

Attorneys' Fees and Costs in Rule 23 Class Settlement (Dkt. #427).

Claims Administrator. The Parties request that Kurtzman Carson Consultants, LLC

("KCC" or "Claims Administrator") be paid the costs for the administration of the global

settlement in the amount of $24,000.00 [TWENTY-FOUR THOUSAND DOLLARS], of which

amount $15,000.00 [FIFTEEN THOUSAND DOLLARS] shall come out of the *Dix* Gross

Settlement Fund and the balance of $9.000.00 [NINE THOUSAND DOLLARS] shall come out

of the settlement proceeds allocated to settle the FLSA claims originally asserted in the *Parker*

case.

Release of Claims. As described in the Settlement Agreement, the proposed Settlement

Agreement includes the following release of claims (at paragraphs 46-47):

> 46.    The Settlement shall effect a complete settlement and
> release and shall extinguish waive, fully release, and forever
> discharge the Released Parties as to each Class Member (as
> defined in paragraphs 11 and 13, above) as to all claims arising
> from this action, from any and all claims, debts, liabilities,
> demands, obligations, damages, action, or causes of action of any
> kind, whether known or unknown, which have been or could have
> been asserted against the Released Parties in this or the *Dix*
> Lawsuit pertaining to or arising from violations of any federal,
> state, or local wage and hour laws, including but not limited to:
> claims under the Fair Labor Standards Act; claims under the
> Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et*

*seq.*; and claims under the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.*. The claims enumerated in this paragraph shall be referred to as the "Released Claims." Nothing in this <u>Settlement</u> shall be construed to waive any right that is not subject to waiver by private agreement.

47.    The <u>Released Parties</u> include: (a) all of <u>Silverleaf's</u> present and former parent companies, subsidiaries, related or affiliated companies; (b) all of <u>Silverleaf's</u> present and former divisions; (c) all of the present and former shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) any individual or entity which could be jointly liable with <u>Silverleaf</u>.

**D.    Preliminary Approval**

On March 9, 2018, the Parties jointly moved for preliminary approval of the Illinois Rule 23 Class Settlement (Dkt. 410), and on May 10, 2018, this Court issued an Order granting preliminary approval of the Rule 23 Settlement (Dkt. #423).  The Court specifically found that, for purposes of this settlement, all class certification requirements were met, including the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b).  *Id.* The Court further found that the Parties had demonstrated that the proposed settlement is fundamentally fair, adequate, and reasonable. *Id.*

After receiving preliminary approval, the Parties directed the Claims Administrator to mail the Notice to the Illinois Settlement Class and begin the claims administration process.

**E.    The Claims Administration Process**

Consistent with the Court's May 10, 2018 Order granting preliminary approval of the Rule 23 Settlement, on May 11, 2018, the Claims Administrator received data files from Silverleaf's counsel to be used for the mailing (Dkt. #426 at ¶ 5). On May 18, 2018, the Notice of Proposed Class Action Settlement was mailed to the 1,108 Illinois Settlement Class Members identified on the class list via First-Class Mail.  *Id.* at ¶ 6.  Ultimately, only 37 out of 1,108 Notices were undeliverable because the Claims Administrator was unable to find a deliverable

address.  *Id.* at ¶ 7. The Claims Administrator has not received any requests for exclusion from the Settlement and has not received any objections to the Settlement.  *Id.* at ¶¶ 9-10.

## III.    ARGUMENT

### A.    The Court Previously Certified the Illinois Rule 23 Class for Settlement Purposes.

Under Rule 23(a) of the Federal Rules of Civil Procedure, the requirements for class certification are as follows:  numerosity, typicality of the class representative's claims, adequacy of representation, and commonality.  In addition, a class action for monetary damages must satisfy Rule 23(b)(3) "predominance"—that the question of law or fact common to the class members predominate over questions affecting only individual members, and (2) "superiority"— that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

On May 10, 2018, the Court certified the Illinois Settlement Class for purposes of settlement, specifically finding numerosity, typicality, adequacy, and predominance.  (Dkt. #423).  For the reasons set forth in the Parties' Motion for Preliminary Approval and by the Court in preliminarily certifying the Class, the Class has been properly certified for settlement purposes.

### B.    The Settlement Agreement Satisfies the Applicable Standards for Approval Under Rule 23.

The Illinois Plaintiffs allege that Silverleaf violated Illinois state wage and hour laws, specifically alleging that Silverleaf regularly and repeatedly failed to properly compensate them for the actual time they worked each week, failed to pay them overtime compensation for all hours worked in excess of 40 hours per work week, and failed to maintain accurate records of all hours they worked. Cerberus Capital Management L.P. has denied Plaintiffs' allegations and

asserted numerous defenses, and the remaining defendants have moved to dismiss Plaintiffs' claims.

Through this matter and the *Dix* Lawsuit, counsel for Plaintiffs have extensively investigated and researched the facts and circumstances underlying the issues raised in the lawsuit and the law applicable thereto, interviewed putative class members, and analyzed the various legal arguments raised by Silverleaf in defense of its positions (Dkt. #410-3 at ¶¶ 16–17). Plaintiffs' Counsel recognizes the expense and length of continued proceedings necessary to continue the lawsuit against Silverleaf through trial and through any possible appeals. Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the pending fully briefed motion to dismiss, the risk that the putative Illinois class might not be certified as a class in light of Silverleaf's presumed opposition to class certification, and may not prevail on all or any of their claims, as well as the difficulties and delays generally inherent in such litigation. *Id.* at ¶ 28. Based on the foregoing, Plaintiffs' Counsel believes the proposed settlement is fair, adequate, and reasonable, and in the best interests of the Illinois Settlement Class. *Id.* ¶ 28.

Counsel for Silverleaf has also extensively investigated and researched the facts and circumstances underlying the issues raised in this lawsuit and the law applicable thereto (Dkt. #411 at ¶¶ 9-10). Cerberus Capital Management, L.P. filed an answer denying the claims in the *Dix* Lawsuit and asserting various affirmative defenses. The remaining defendants filed a Rule 12(b)(6) motion to dismiss the Complaint in its entirety, which was fully briefed and pending before the Court at the time that the Parties reached their settlement. *Id.* ¶ 9. Although defense counsel believes Silverleaf has meritorious defenses to the lawsuit, Silverleaf has concluded that further defense of this lawsuit would be lengthy and expensive for all Parties. *Id.* ¶ 12.

JOINT MOTION FOR FINAL APPROVAL OF RULE 23 CLASS SETTLEMENT—Case No. 3:14-cv-02075-B

Therefore, Silverleaf has agreed to settle this lawsuit in the manner and upon the terms set forth in the Settlement Agreement to put to rest all claims that are or could have been asserted against Silverleaf in the *Dix* Lawsuit and in this action.

The Settlement Agreement was the product of lengthy negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Plaintiffs, and (2) eliminating inherent risks both sides would bear if this complex litigation continued to resolution on the merits. The Settlement Agreement is not the product of fraud or collusion. To the contrary, the objective circumstances strongly support that the Settlement Agreement was obtained as the result of arm's-length negotiations between experienced counsel. As noted above, prior to the filing of the *Dix* Lawsuit, the Parties attended a mediation with Nancy Huston in October 2017, and continued negotiations in the months following the mediation, including soliciting and ultimately accepting the mediator's proposal on February 8, 2018, which resolved both the *Parker* and the *Dix* Lawsuits. During this time, the Parties expended substantial time and effort investigating and researching the merits of the Illinois Settlement Class' claims and Silverleaf's defenses. These efforts provided the basis for the Parties to reach a settlement that each party believed was fair, reasonable, and adequate.

Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (stating that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms-length

- 9 -

negotiations between experienced, capable counsel after meaningful discovery."). Moreover, public policy favors settlements. *See Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *6 (S.D. Tex. May 7, 2008). This is particularly true in cases, such as this, where substantial resources can be conserved by avoiding the time, cost, and rigor of protracted litigation. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation); *Petrovic v. Amoco Oil Co*., 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor."). For these reasons, the Court should find that the Settlement Agreement is a fair, reasonable, and adequate resolution of *bona fide* disputes over the Illinois state law claims listed above, and grant final approval of the proposed settlement of the claims of the Illinois Settlement Class.

## IV.    CONCLUSION

The Court has previously found the settlement to be fair, adequate, and reasonable, and certified the Illinois Settlement Class for settlement purposes.  The Parties have now fulfilled their obligations to direct notice to the Illinois Settlement Class members, and the Settlement Agreement is now ripe for final approval.  For the foregoing reasons, and for such other and further reasons as may appear to the Court at a hearing on this Joint Motion, the Parties respectfully request that the Court grant final approval of the Illinois Rule 23 Class Settlement Agreement.

Respectfully submitted,

/s/ Rhonda H. Wills

**Rhonda H. Wills (Lead Counsel)**
State Bar No. 00791943
Federal I.D. No. 20699
WILLS LAW FIRM
1776 Yorktown, Suite 570
Houston, Texas  77056
Telephone:  (713) 528-4455
Facsimile:  (713) 528-2047
rwills@rwillslawfirm.com

Kobby T. Warren
Texas State Bar No. 24028113
WARREN HEALY, PLLC
1910 Pacific Avenue, Suite 10500
Dallas, Texas 75201
Telephone: (213) 999-9499
Facsimile: (888) 687-8174

**ATTORNEYS FOR PLAINTIFFS**

/s/ Ruth A. Bahe-Jachna

**Ruth A. Bahe-Jachna (Lead Counsel)**
Illinois State Bar No. 6200855
*baher@gtlaw.com*
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8421
Facsimile: (312) 456-8435

Jordan W. Cowman
Texas State Bar No. 04932800
*cowmanj@gtlaw.com*
Katherine S. Wright
Texas State Bar No. 24095732
*wrightka@gtlaw.com*
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEYS FOR DEFENDANTS
SILVERLEAF RESORTS, INC., SL
RESORT HOLDINGS INC., ORANGE
LAKE COUNTRY CLUB, INC., AND
ORANGE LAKE HOLDINGS, LLP**

/s/ Isabel A. Crosby

Isabel Crosby
Texas State Bar No. 24050226
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4535
Facsimile: (972) 813-6265
isabel.crosby@dlapiper.com

**ATTORNEY FOR CERBERUS CAPITAL
MANAGEMENT, L.P.**

- 12 -

## <u>CERTIFICATE OF SERVICE</u>

On August 15, 2018, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I certify I have served all counsel of record electronically:

*/s/ Rhonda H. Wills*
Rhonda H. Wills

JOINT MOTION FOR FINAL APPROVAL OF RULE 23 CLASS SETTLEMENT—Case No. 3:14-cv-02075-B